**BANK OF NEOSHO v. COLCORD et al.**

No. 699.

United States District Court
W. D. Missouri, S. W. D.

Feb. 16, 1949.

Ruark & Ruark, of Neosho, for plaintiff.

Keaton, Wells, Johnston & Lytle, of Oklahoma City, Okl., for Colcord and Hutchinson.

Watson, Richart & Titus, of Joplin, Mo., for Waite.

RIDGE, District Judge.

This is a strict interpleader proceeding. On the 1st day of September, 1948, interpleaded claimants J. D. Waite and Ruth Waite, and interpleaded claimants Sidney Colcord and Lillie E. Hutchinson, as Trustees, entered into a written contract whereby the former agreed to buy and the latter agreed to sell certain ranch property in the State of Oklahoma, for the total price and sum of $32,500.00. By the terms of said contract, claimants Waite deposited the sum of $5,000.00 with plaintiff, a disinterested stakeholder, "to apply upon the purchase price consideration upon the final closing of this transaction." The parties to said contract having failed (for reasons not presently all apparent) to consummate their transaction, each made demand upon the stakeholder for payment to them of the fund deposited with it. The stakeholder herein alleges that it does not know which of the claimants are entitled to prevail, and not wishing to be in a position of attempting to ascertain their respective rights under the contract, and claiming no interest in the outcome of the controversy of the interpleaded claimants, seeks to pay the above-referred-to fund into the depository of this Court and be relieved from further duty under said contract. Hence the reason for the institution of this action. A copy of the contract under which the stakeholder received and holds the above-referred-to deposit is attached to the complaint as Exhibit A.

The interpleaded claimants have now formally asserted their separate claims herein. In addition to asserting a separate claim to the fund in the hands of the stakeholder, claimants Colcord and Hutchinson, as Trustees, have filed a cross-claim against claimants Waite, seeking thereby a decree of specific performance of the same contract under which the fund in suit was deposited with the stakeholder. Claimants Waite have moved to strike said cross-claim on the ground that this Court has no jurisdiction of the subject-matter thereof, and, that cross-claims between adverse claimants in a strict interpleader proceeding cannot be maintained. Said motion is now before the Court for disposition.

▮ Federal Rules of Civil Procedure, rule 22, 28 U.S.C.A., provides inter alia that all actions of interpleader "shall be conducted in accordance with" the Rules of Civil Procedure promulgated for Federal District Courts. The effect of such provision in Rule 22, is to make said Rules of Civil Procedure, and particularly Rule

13(g), relating to cross-claims against co-parties, applicable to interpleader actions. Moore's Fed. Prac., Chap. 22. Rule 13(g), Federal Rules of Civil Procedure, provides for cross-claims against co-parties where the subject-matter of the cross-claim arises "out of the transaction or occurrence that is the subject matter either of the original action * * * or relating to any property that is the subject matter of the original action." Said subdivision (g) greatly liberalizes the former practice in interpleader proceedings regarding cross-claims. "The confusion in the early cases as to the extent of the cross-claim has been clarified, and the scope of cross-claim broadened," in interpleader proceedings. Moore's Fed. Prac., Vol. 1, p. 726.

A ruling on the motion to strike wholly depends upon a determination whether the subject-matter of the cross-claim "arises out of the transaction or occurrence that is the subject-matter of the original action". In strict interpleader actions, the subject-matter thereof is the fund, thing, or duty to which the parties make adverse claims. 48 C.J.S., Interpleader, § 13, p. 49. In the case at bar, it is apparent from the pleadings that the "thing" which the adverse claimants here demand of the disinterested stakeholder is the performance of a "duty" imposed upon it which arises by virtue of a written contract executed by the adverse claimants. The duty of the stakeholder under that contract was, to retain the fund in question and to apply it "upon the purchase price consideration upon the final closing of (the) transaction," by said parties. In the event the sellers in said contract were unable to deliver a good and merchantable title to the ranch property in question, the purchasers had the option under the contract to declare said transaction at an end "and have a right to reclaim the $5,000.00" deposited with the stakeholder thereunder. No provision is made in said contract as to what disposition the stakeholder is to make of the fund deposited with it in the event the seller tenders a merchantable title to said ranch property and the buyers refuse to perform. From the allegations of the original complaint, and those of the adverse claims filed herein, and in the light of the obligations assumed by all parties under said contract, it is manifest that the stakeholder assumed a duty toward the contracting parties who are the interpleaded claimants in this action, to retain the fund deposited with it and make disposition thereof in accordance with the terms of said contract. The duty so imposed upon the stakeholder, by such contract, is the subject-matter of this action. The existence of the fund now in the hands of the stakeholder, and the determination to whom that fund belongs, is dependent upon and collateral to the duty imposed on the instant stakeholder by the terms of the contract under which said fund was deposited with it. To adjudicate the issues here presented, the Court will be compelled to consider and determine the legal and equitable rights of the parties to that contract arising from the extent of performance, binding effect, and enforceability of, the obligations and duties assumed by the stakeholder as well as those undertaken by the parties thereto. The real nature of such controversy is the constitution and incidence of the "transaction" or contract from which their rights, duties and obligations flow.

The "transaction or occurrence" which gives rise to this interpleader proceeding and the rights, duties and obligations of the parties to be adjudicated herein will be determined by the provisions of the aforesaid written contract. In the cross-claim filed by claimants Colcord and Hutchinson, as Trustees, against claimants Waite, the former seek a recovery of the agreed purchase price to be paid for the ranch property by way of a decree of specific performance against the latter, of that same contract. Thus it is apparent that there is a direct connection existing between the subject-matter of the original action and that of the cross-claim filed herein. The essential matter alleged in the complaint, i.e. whether the sellers have a right to have the $5,000.00 now in the hands of the stakeholder applied to the agreed purchase price of the ranch property, or whether said sum should be returned to the purchasers, enters into and constitutes the cause of action alleged in the cross-claim. The establishment of facts on that issue, under the allegations

of the complaint, will relieve the stakeholder of the "duty" imposed on it by the contract and determine which of the adverse claimants is entitled to receive the fund now in its hands, and create a foundation as to the binding effect, or enforceability of, the entire contract as between the adverse claimants herein. So close is the connection between the causes of action stated in the original complaint and that set forth in the cross-claim that it only needs a determination of the former to establish a foundation, or lack of premise, for the latter. The "transaction or occurrence" giving rise to the original cause of action and the cross-claim constitute the same subject-matter embraced by all the pleadings now before the Court. To hold that the instant cross-claim cannot be maintained in this interpleader proceeding would be to rob cross-claimants Colcord and Hutchinson, as Trustees, of a right of action presumably existing in them. A final judgment on the merits of the original complaint will be a bar to any further suit between the adverse claimants, or their privies, on the contract, the subject-matter of the original action. The identity of the "thing" sued on in the original complaint, the relationship of the parties thereto, and the quality and capacity of the parties making claim to that "thing", are one and the same with that of the cross-claim, and an adjudication of the issues presented by the allegations of the original complaint will be res judicata of the latter. 50 C.J.S., Judgments, § 598, p. 16, etc.

We believe that the case of Stitzel-Weller Distillery, Inc. v. Norman et al., D.C., 39 F.Supp. 182, relied on by claimants Waite, in support of their motion to strike, is readily distinguishable from the matter now before this Court. In the Stitzel-Weller case, the Court considered a question of jurisdiction under the provisions of Section 41(26), 28 U.S.C.A., and not the effect of Rule 13(g), supra, on interpleader proceedings. The "one form of action" system, such as contemplated by the Federal Rules of Civil Procedure, makes clear that all controversies of all parties to an action, particularly where they arise out of the same transaction or occurrence, should be disposed of and adjudicated in a single proceeding. Rule 13(g), supra, is particularly applicable to interpleader proceedings, and where the subject-matter of a cross-claim asserted in such proceeding arises out of the same transaction or occurrence that is the subject-matter of the original claim, it permits cross-claims in interpleader proceedings.

Claimants Waite assert, however, that being residents of the State of Illinois, they have entered a limited appearance in this interpleader action in which they have been made parties and are not subject to the jurisdiction of this Court for any other purpose. An answer thereto is, that a Court in interpleader actions acquires general jurisdiction of the subject-matter and of the parties. Stewart v. Kane, Mo.App., 111 S.W.2d 971; Farmers' & Laborers' Co-op. Ins. Ass'n v. Bank of Centralia, 227 Mo.App. 1068, 56 S.W.2d 606. The jurisdiction so acquired authorizes the adjudication of all issues arising between the parties, whether legal or equitable, and the process for the adjudication of such issues is made subject to the procedure set forth in the Rules of Civil Procedure.

Claimants Waite further assert that they being citizens of the State of Illinois and claimants Colcord and Hutchinson being residents of the State of Oklahoma, this Court cannot acquire jurisdiction of the parties or subject-matter involved in the cross-claim. Holding, as we do, that the subject-matter of the cross-claim here filed arises out of the same transaction or occurrence that is the subject-matter of the original action, the subject-matter of the cross-claim is auxiliary to the subject-matter of the original action and on that premise the Court has jurisdiction thereof. Cf. Cleveland Engineering Co. v. Galion Dynamic Motor Truck Co., D.C., 243 F. 405, 408, 409.

Claimants Waite's motion to strike cross-claim of claimants Colcord and Hutchinson, as Trustees, is by the Court overruled.