**COASTAL AIR LINES, Inc. v. DOCKERY.**

No. 14037.

United States Court of Appeals
Eighth Circuit.
March 15, 1950.

Warren E. Wood and Griffin Smith, Jr., Little Rock, Ark., for appellant.

M. F. Elms, Stuttgart, Ark., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellee, Dockery, a resident of Arkansas, leased one Douglas aircraft to appellant, Coastal Air Lines, Inc., a Pennsylvania corporation, for a period of 90 days, beginning September 27, 1947, "for an hourly rental of $25.00 (Twenty-Five dollars) per flying hour, with a minimum guarantee of $1,875.00 (Eighteen hundred, and Seventy-five dollars) for 75 (Seventy-five) hours flying time for each 30 (Thirty) days payable in advance." In the lease Coastal Air Lines was granted an option to purchase the aircraft, as follows: "It is also understood and agreed that the Lessee can at any time during the term of this lease for and in consideration of the sum of $22,500.00 (Twenty-two Thousand and Five Hundred dollars) purchase the aforementioned aircraft and it is also understood and agreed that the advance payment or any other monies paid as rental for the aforementioned aircraft will be deducted from the purchase price as stated in this agreement."

The Rhode Island Insurance Company of Philadelphia, Pennsylvania, issued to appellee, Dockery, its policy of insurance against loss or damage to the aircraft in the sum of $25,000.

The aircraft was destroyed in a crash on December 23, 1947. The interested parties agreed upon a settlement of the insurance company's liability under the policy for $22,500. Dockery, as owner of the aircraft, claimed the whole fund payable under the insurance policy. Coastal Air Lines, asserting that it had exercised its option to purchase, claimed an interest in the insurance fund to the extent of its payments for rent.

Dockery instituted an action against the insurance company in an Arkansas State Court to recover the whole fund payable under the policy. The insurance company removed the case to the Federal Court where it brought an action of interpleader against Dockery and Coastal Air Lines pursuant to Title 28 U.S.C.A. §§ 1335, 1397, and 2361.

Both appellant and appellee appeared in the interpleader action, Coastal Air Lines claiming an interest in the fund in court to the extent of $5,250, the sum paid by it to Dockery under the lease, alleging that it had exercised the option to purchase the aircraft. Dockery claimed to be entitled to the whole fund, on the allegation that the Coastal Air Lines had not only not exercised its option to purchase the aircraft, but had declined to do so. Dockery also set up a cross-claim against Coastal Air Lines for rent under the lease.

At the trial appellant and appellee stipulated that the sole questions for decisions were (1) whether Coastal Air Lines had exercised its option to purchase the aircraft granted in the lease, and (2) whether Coastal Air Lines was indebted to Dockery for unpaid rent.

The District Court found that appellee, Dockery, was the owner of the aircraft at the time of its destruction and entitled to receive the full fund in court, less an allowance to the insurance company for attorneys' fees and costs; and that Coastal Air Lines was indebted to Dockery in the sum of $1,275 for rent due and unpaid. Judgment was entered in accordance with these findings.

On this appeal Coastal Air Lines contends: (1) that the trial court's finding that it had not exercised its option to purchase the aircraft is not supported by the evidence; (2) that the judgment in favor of Dockery on his cross-claim for rent is based upon an erroneous interpretation of the lease agreement and contrary to the evidence; and (3) that, in any event, the court was without jurisdiction to entertain the cross-claim by one interpleaded party against another, but was limited to a disposition of the fund in court.

Concerning appellant's first assignment of error, it is sufficient to say that the evidence relating to Coastal Air Lines' exercise of the option to purchase the aircraft is in sharp conflict, and that the court has accepted the evidence on behalf of appellee, Dockery. The second assignment is

also without merit. The lease was for a period of 90 days at a rental of $25 for each flying hour, with the further provision that for each 30-day period during the term of the lease lessee should pay the lessor $1,875 in advance and $25 an hour for each hour in excess of the minimum guarantee of 75 hours. The evidence as to the number of actual flying hours in each 30-day period comes from the records of Coastal Air Lines. These records show that in the first and third 30-day periods the aircraft was flown more than 75 hours, for each hour of which, by the terms of the lease, Coastal Air Lines became liable to Dockery for $25 as rent. In the second 30-day period the aircraft was flown less than the guaranteed minimum of 75 hours. Coastal Air Lines, under the plain terms of its lease, was nevertheless liable to pay for that 30-day period the agreed rent of $1,875. We find no error in the court's computation of rent due Dockery from Coastal Air Lines under the terms of the lease.

The only decision of a Federal appellate court bearing upon the question of the District Court's jurisdiction of Dockery's cross-claim against Coastal Air Lines is Hagan v. Central Avenue Dairy, Inc., 9 Cir., 180 F.2d 502. In that case the stakeholder, confronted with adverse claims to a fund, deposited with it in escrow, by Hagan and Central Dairy, brought an action of interpleader in the United States District Court for the Southern District of California. Service was made upon Central Dairy, an Arizona corporation, in Arizona, as provided by the Federal Interpleader Act, Title 28 U.S.C.A. § 2361. Central Dairy made no appearance in the interpleader action, and the District Court awarded the sum in court to Hagan. Hagan, however, had filed a cross-claim against Central Dairy for money damages, alleging that his claim grew out of the same contract which was the subject matter of the escrow deposit. Central Dairy, appearing specially, objected to the court's jurisdiction over it on the cross-claim. Its objection was sustained, and the Court of Appeals affirmed, saying:

"The interesting question raised by the appeal is whether the court, which undoubtedly had jurisdiction of the interpleader action under the very terms of the statute, was correct in limiting itself to the disposal of the fund involved in the interpleader suit. Hagan urges that it is a well settled principle of equity that 'Equity delights to do justice and that not by halves.' He also presses upon us Rule 13(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that 'A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. * * *' Both contentions are plausible. But equity can only do complete justice if it has before it both the party for whom justice is to be done and against whom justice is to be required. Again, the Federal Rule quoted is, we think, one for the conduct of actions, not to provide a substantive rule governing the extent of the jurisdiction of a court. There is no use in talking about how an action is to be conducted unless a court has jurisdiction of the person and competency as to the subject-matter.

"We think the District Court of California did not have personal jurisdiction over the absent non-consenting Arizona corporation except to the extent of that corporation's interest in the escrow fund. That the court had jurisdiction that far is clear from the statute. Furthermore, if Congress had so provided, we think there is no reason why process from the United States District Court could not run countrywide. But Congress has not so provided, generally, and a District Court's power to hear and decide cases involving personal liability of an individual is limited to those served within the state where the court sits. The absentee defendant was not personally before the court here. The court could adjudicate rights in the fund, but could affect no other interest of the absentee.

"It would be a startling conclusion, we think, to give to Rule 13(g) and the Interpleader statute the effect of enlarging the jurisdiction of a court to create rights going beyond those to the fund which is the subject of the interpleader action. Such a construction would go far beyond the situation which called for the Interpleader stat-

ute in the first place. Situations of considerable hardship could result. In this case, for instance, suppose Central Dairy to be a Delaware corporation not engaged in business in California. Is it to be held subject to personal liability in the District Court for California because an interpleader plaintiff says it claims an interest in an escrow fund? That would indeed be going pretty far, and we cannot think that any such result was intended by Congress when it passed the Interpleader statute or the Supreme Court when it promulgated the Federal Rules of Civil Procedure."

Decisions in the District Courts bearing upon the question under discussion and noted in the opinion quoted are Stitzel-Weller Distillery, Inc., v. Norman, D.C. W.D.Ky., 39 F.Supp. 182; and Bank of Neosho v. Colcord, D.C.W.D.Mo., 8 F.R.D. 621.

In the Stitzel-Weller case certain cross-defendants were served in Ohio and Florida with process from the District Court in Kentucky. One of the cross-defendants objected to the jurisdiction of the court over it under the cross-bill, and others refused to enter an appearance in the interpleader action. The District Court ruled that it had no personal jurisdiction over these cross-defendants and dismissed the cross-bill. In the Bank of Neosho case the interpleader action was brought in a Federal District Court in Missouri. The defendants in the interpleader action, citizens of Oklahoma and Illinois, appeared and asserted their claims against the fund in court. By so doing they waived the question of venue, 28 U.S.C.A. § 1397. Relying on Rule 13(g) of the Federal Rules of Civil Procedure, the Oklahoma claimants filed a cross-claim against the Illinois claimants, who objected to the jurisdiction of the court on the cross-claim, on the ground that they had entered a limited appearance in the interpleader action, and were not subject to the jurisdiction of the court for any other purpose. The District Court ruled that in an interpleader action it acquired general jurisdiction of the subject matter and of the parties, and overruled the objections of the Illinois claimants to its jurisdiction. The Court of Appeals in the Hagan case noted the distinction between the case before it and the Bank of Neosho case on the question of personal jurisdiction over non-resident claimants, but said that the District Court in Missouri had given a "broader scope to Rule 13(g) than we think proper."

On the facts material to the court's personal jurisdiction over Coastal Air Lines on the cross-claim, the present case is to be distinguished from the cases just discussed. In the present case, Coastal Air Lines, a Pennsylvania corporation, appeared in the interpleader action in the Federal Court in Arkansas to assert its claim upon the fund in court. It not only interposed no objection to the jurisdiction of the court on the cross-claim, but, by stipulating that the question presented in the cross-claim was before the court for decision, waived any objection it might have raised to the venue of the action on the cross-claim or to the personal jurisdiction of the Arkansas Federal Court over it. The claims asserted by Coastal Air Lines and Dockery against the fund in court were based on the contract of lease, as was also Dockery's claim against Coastal Air Lines for past due rent. Both claims arose "out of the transaction or occurrence" which was "the subject matter * * * of the original action," within the meaning of Rule 13(g) of the Federal Rules of Civil Procedure.

The rights of the parties to the action on the cross-claim were controlled by State law, but questions of jurisdiction and procedure of the Federal Court are determined by Federal law. The sum involved in the cross-claim was less than the required jurisdictional sum required in a diversity case. Rule 13(g) neither extends nor limits the jurisdiction of the Federal Court nor the venue of actions therein, Rule 82, Federal Rules of Civil Procedure, but cross-claims permitted by the Federal Rules of Civil Procedure are regarded as ancillary to the principal claim to which they are related and need not involve the jurisdictional sum necessary in an original or independent action in the District Court. 3 Moore's Federal Practice, 1948, § 13.36, p. 97.

Judgment affirmed.