**Harold HALLIN and H. H. Hallin, d.b.a. Hallin & Bookwalter, a co-partnership, Plaintiffs,**

v.

**C. A. PEARSON, INC., George McDowell, H. J. Symons & Company, Defendants, United States of America, Intervenor.**

No. 40856.

United States District Court
N. D. California, S. D.

July 23, 1963.

Morgan Beauzay, Holmes & Wines, San Jose, Cal., for plaintiff.

Weinstock, Anderson, Maloney & Chase, San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

Plaintiff Hallin commenced this action in interpleader pursuant to 28 U.S.C. § 1335 against defendants Cown, U. S. District Director of Internal Revenue, C. A. Pearson, Inc., George McDowell and H. J. Symons & Company, alleging that plaintiff has deposited in court the sum of $1561.27 to which the interpleader defendants assert claims.

The jurisdiction of the Court is based upon 28 U.S.C. § 1335.

By order of Court, plaintiff has been discharged from the action. Defendants McDowell and C. A. Pearson, although served, have failed to appear. Defendant H. J. Symons & Company, although not served, has appeared and filed an answer asserting its claim to the fund. The U. S. District Director of Internal Revenue has been dismissed from the case by order of Court and the United States has filed, by leave of Court, a complaint in intervention asserting its claim to the fund.

The case is before the Court upon the motion of intervenor, United States, for leave to amend its complaint in intervention. This motion is opposed by defendant H. J. Symons & Company.

The answer of claimant H. J. Symons & Company shows that its claim to the fund on deposit is based upon the allegation that $1540.55 thereof consists of insurance premiums due from plaintiff Hallin to H. J. Symons & Company in which McDowell had no interest and which are required to be kept as trust funds by California Insurance Code § 1734. The answer further alleges that $20.72 of the fund on deposit consists of

an override commission which became payable to defendant McDowell, but which was assigned (See Ex. A of Symons' answer) by McDowell to defendant H. J. Symons & Company on May 26, 1960 along with other business assets of McDowell.

The claim of intervenor, United States, to the fund arises out of the allegation that on December 12, 1958 the District Director of Internal Revenue assessed certain employment tax liabilities against McDowell in the amount of $18,-345.44, giving notice of the assessment and making demand for payment. This notice of assessment and demand for payment, according to the intervenor's memorandum, gave rise to a lien against McDowell's property under The Internal Revenue Code of 1954, 26 U.S.C. Secs. 6321 and 6322. Intervenor's complaint further alleges that on May 26, 1960, McDowell assigned his entire business to H. J. Symons & Company, including a contractual arrangement between McDowell and Hallin whereby Hallin agreed to pay McDowell commissions for insurance premiums written through Symons; that as a result of this contract between McDowell and Hallin the sum of $1561.-27, since deposited in Court by Hallin, became due and owing from Hallin to McDowell; that a claim of a tax lien against McDowell for a balance of $7244.88 remaining due for unpaid employment tax liabilities was filed against McDowell on September 20, 1960; and that on February 21, 1961, a notice of levy under that lien was served on plaintiff Hallin.

The intervention complaint of the United States, as presently on file, prays for a judgment only against defendant McDowell in the sum of $7244.78 or for such balance thereof as might remain after crediting the United States with the $1561.27 now deposited in Court.

By its pending motion the United States seeks leave to file an amended complaint in intervention which is identical with its present complaint except that it alleges that the assignment of May 26, 1960, from McDowell to H. J. Symons & Company was a voluntary assignment of McDowell's entire business while he was insolvent, citing 31 U.S.C. § 191, which states that debts due the United States shall be first satisfied whenever any person indebted to the United States is insolvent and that this priority shall extend to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof; and except, further, that it contains a prayer for judgment against H. J. Symons & Company in the sum of $7244.78 upon the ground, as stated in its motion, that other assets, in addition to the contract which formed the basis for the funds interpleaded by plaintiff, were assigned by McDowell to H. J. Symons & Company.

The question presented by the motion of intervenor, United States, is whether in an interpleader action brought under 28 U.S.C. § 1335, involving a deposited fund of $1561.27, one defendant-claimant, here intervenor, United States, should be granted leave upon the present posture of the case to file what is in effect an in personam cross-claim against another defendant-claimant, here H. J. Symons & Company, for $7,244.78.

■ The Federal Interpleader Act was designed to make it possible for a stakeholder of funds or property to bring all claimants into court in one action and thus to protect the stakeholder from multiple litigation and possible double liability. This was accomplished by its provision that the interpleader action may be brought in any district in which one or more of the claimants reside (28 U.S.C. § 1397) and that process may issue to all claimants, including non-resident claimants (28 U.S.C. § 2361). See Chafee, The Federal Interpleader Act of 1936, 45 Yale L. J. 963 (1936).

It has been held that one defendant-claimant in such an interpleader action may not assert an in personam cross-claim against another defendant-claim-

ant, who is a non-resident of the state in which the action is brought and thus not otherwise subject to process, where the non-resident defendant, although served, did not appear in the action to assert any claim to the interpleader fund. Stitzel-Weller Distillery v. Norman, 39 F.Supp. 182 (W.D.Ky.1941); Hagan v. Central Avenue Dairy, 180 F.2d 502, 17 A.L.R.2d 735 (9th Cir. 1950); Great Lakes Auto Ins. v. Shepherd, 95 F.Supp. 1 (W.D.Ark. 1951).

It has also been held, however, that in such case an appearing defendant-claimant, against whom an in personam cross-claim has been asserted by another appearing defendant-claimant may waive any objection which it might otherwise have had thereto. Coastal Air Lines v. Dockery, 180 F.2d 874 (8th Cir. 1950).

In Bank of Neosho v. Colcord, 8 F.R.D. 621 (W.D.Mo.1949), the Court held that an in personam cross-claim under Rule 13(g) by one appearing defendant-claimant against another was properly maintainable where the relationship between the subject matter of the interpleader action and the subject matter of the cross-claim was such that both arose out of the same transaction and a determination of the interpleader issue would establish either a foundation or lack of premise for the cross-claim.

The Bank of Neosho case, supra, has been the subject of comment by the Ninth Circuit in Hagan v. Central Avenue Dairy, supra, 180 F.2d at 504 n. 6, wherein Neosho was distinguished upon the ground that the claimant in Neosho against whom the cross-claim had been filed had appeared to claim the fund. The Court in Hagan also criticized Neosho for giving broader scope to Rule 13 (g) than is proper. In a concurring opinion in Hagan, supra, 180 F.2d at 504, Hall, J., observed that in his opinion the Hagan case should not be deemed to foreclose the question whether or not the Court in an interpleader action should permit such a cross-claim where necessary to determine the rights, benefits or

obligations of the parties under an agreement or instrument in order to make a judicial determination concerning the awarding of a fund, citing Chafee, Broadening the Second Stage of Federal Interpleader, 56 Harv.L.Rev. 929 (1943).

In the cited law review article Professor Chafee discusses the question whether fairness to an outside claimant requires that he should not be summoned to a district court with the expectation of asserting his rights in the res and then be forced to defend himself against an in personam cross-claim. Id. at 945. Chafee criticizes the strict view that the Court under all circumstances should refuse to allow an independent controversy into an interpleader whenever a non-resident claimant objects. He takes the view that the Court should exercise a discretion to "cautiously admit the independent controversy in a few cases where the speedy administration of justice will be clearly promoted without serious injury to the objecting non-resident" (Id. at 938) and "where such relief is very desirable on the facts" (Id. at 944) and "when the need for widened relief greatly outweighs the objections of the outsider." (Id. at 947).

Before attempting to apply this state of the law to the present case we should further consider the fact, shown by the record here, that defendant-claimant Symons, although not actually served, appeared herein to claim the fund. Professor Chafee agrees that, although the possibility of unfairness with respect to a cross-claim against a non-resident interpleaded defendant is greater where that defendant does not appear to assert a claim to the fund, such appearance or non-appearance should not be the determining test because in general the power over non-residents in interpleader practice is derived, not from their appearance, but from the nation-wide personal service available under 28 U.S.C. § 2361, under which the defendant's rights to the fund or property deposited in Court may be adjudicated whether that

defendant appears or not. Id. at 951–960.

The mere fact that defendant-claimant Symons, named as a defendant in this interpleader action, appeared to assert a claim should not in the opinion of the Court preclude it from objecting to the interposition of an in personam cross-claim against it.

To hold absolutely that appearance of a named claimant of itself precludes such objection would tend to frustrate one of the main purposes of the Federal Interpleader Act, which is to facilitate and encourage the assertion of claims of all those possessing an interest in the fund deposited in Court.

█ The Court concludes, therefore, that allowance of an in personam cross-claim by one claimant against another should rest, not upon the point of appearance, but upon a cautious application of Rule 13(g) in the light of the unique service of process feature of The Federal Interpleader Act.

Rule 13(g) states: "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."

The only transaction or occurrence which is common to both the claims of the parties now before the Court to the fund on deposit, on the one hand, and the proposed cross-claim, on the other hand, is the lien of the government as it might be affected by the assignment of May 26, 1960.

However, as already noted, Symons claims only $20.72 out of the total deposited fund of $1561.27 through the assignment from McDowell. Claimant Symons at the hearing of the motion offered to waive and withdraw this portion of its claim.

Symons rests its claim as to the greater part of the fund, $1540.55, upon the

allegation that this amount constitutes insurance premium trust funds belonging, not to McDowell at all, but to the claimant Symons.

█ In this posture of the case, the Court concludes that Symons should be permitted to amend its claim to waive any claim to the fund on deposit under the assignment, limiting its claim to $1540.55 of the fund alleged to be trust fund insurance premiums belonging, not to McDowell, but to Symons.

If such amendment be made, the cross-claim of intervenor United States could not be said to arise out of the same transaction or occurrence that is the subject matter of the original interpleader action, nor would the cross-claim relate to property that is the subject matter of the original action.

The Court also considers the relative hardship to the parties. Symons has not been served but has appeared voluntarily. There has been no allegation or showing that Symons is subject to process in this or any other jurisdiction within the United States. If Symons were to be held subject to the cross-claim because of its assertion of a claim to $1561.27, it may be subject to a liability of $7244.78. The expense and difficulties to an English partnership which are entailed in asserting its claim to $1561.27 are far less than the hardship which the claimant would undergo should the Court hold it subject to a possible liability under a cross-claim for many times the original amount deposited in the interpleader action and involving additional issues of fact.

For the foregoing reasons, it is ordered that, if within 15 days from service of notice of this order defendant-claimant Symons amends its pleading and claim herein as hereinabove noted, the motion of the intervenor United States for leave to amend its complaint in intervention be deemed denied; otherwise the motion of the intervenor is to be deemed granted.