**David MAHANEY, V, a minor by his parents and natural guardians David Mahaney and Wilhemina Mahaney and David C. Mahaney and Wilhemina Mahaney, in their own right**

v.

**Louise G. DOERING, Defendant and Third-Party Plaintiff,**

v.

**David C. MAHANEY, Third-Party Defendant.**

**Civ. A. No. 31813.**

United States District Court
E. D. Pennsylvania.

Nov. 23, 1966.

---

John J. Tinaglia, Philadelphia, Pa., for plaintiff.

Peter P. Liebert, III, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOHN W. LORD, Jr., District Judge.

■ This is an action for damages based upon a multiple automobile collision that occurred in North Carolina on March 21, 1961. The action is presently before the Court on defendant's motion for summary judgment, which is based on plaintiffs' failure to answer requests for admissions served pursuant to Fed. R.Civ.P. 36. These unanswered requests for admissions properly serve as an uncontroverted factual base for summary judgment purposes. See, Merriman v. Broderick, 38 F.Supp. 13 (D.C. R.I.1941); United States v. Wheeler, 161 F.Supp. 193 (W.D.Ark.1958); 4 Moore Federal Practice ¶ 36.07 (2d ed. 1963; Supp.1965).

## FACTS

■ All the parties to the present action were defendant-claimants to an interpleader action filed in the Maryland federal district court on March 7, 1962, four months prior to the commencement of the present action. The interpleader action was instituted by the Globe Indemnity Company (hereafter called "Globe") as the insurance carrier of the vehicle that, by all appearances, precipitated the chain collision. The defendant-claimants to that action were all the parties involved in the collision. The present defendant, Louise G. Doering, while served with process, waived all right to participate in the allocation of the proceeds of the interpleaded insurance fund. The Maryland court assessed the total damages to all parties

as against Globe's insured to be $150,-000.00. The personal injury damage to the present plaintiffs was assessed at $9,700.00. As the Globe policy limits were only $20,000.00, the present plaintiffs were awarded a prorated share of the interpleaded fund based on the ratio of their damage to the total damage of all the parties listed as defendant-claimants. Plaintiffs were awarded $1,-105.50.

## DISCUSSION

Defendant's motion for summary judgment raises two issues: (1) whether the requests for admissions are "of any relevant matters *of fact*" (Rule 36, emphasis supplied), and (2) whether an earlier statutory interpleader action (28 U.S.C.A. § 1335) has a collateral estoppel effect on the present action pending before this Court. The defendant's "Motion for Summary Judgment" succinctly advances the following argument:

> "Plaintiffs have admitted in request No. 6 [of the defendant's unanswered requests for admissions], that the amounts they each received in Civil Action No. 13653 [the Maryland interpleader action] *'were accepted and paid in full satisfaction of all claims by said parties in said action.'* [Emphasis supplied.]

> "Plaintiffs, having received full satisfaction for the injuries of which they claim in this action, are barred from maintaining this action."

The defendant rests her position upon the accepted proposition that " * * * for the same injury, an injured party may have but one satisfaction * * * from a person liable for such injury [and such satisfaction] necessarily works a release of all others liable for the same injury." Brown v. City of Pittsburgh, 409 Pa. 357, 362–363, 186 A.2d 399, 402 (1962).

Defendant's argument fails for two reasons. Since the outset of this suit the plaintiffs have contended that their front-end collision with Globe's insured was minimal and that it was the present defendant's violent collision with the rear of plaintiffs' car which caused the extensive injuries involved in the present suit. This Court cannot overlook the fact that the quoted excerpt from the *Brown* case specifies that the one satisfaction rule applies only when the "same injuries" are involved. The requests for admissions make no mention of "same injuries" and in the unsettled fact posture of this case a "genuine issue * * * [of a] material fact" remains. Secondly, the purported admission of "full satisfaction of all claims * * * in said action" does not appear to be a proper use of the requests for admissions device. If the term "satisfaction" is intended to reflect the legal conclusion that satisfaction of a judgment has been obtained and operates as a bar to further proceedings, the admission must be struck. A long line of decisional authority has held improper any request for admission of a matter of "law" as opposed to the "any relevant matters of fact" specified in Rule 36. Driver v. Gindy Mfg. Corp., 24 F.R.D. 473, 475 (E.D.Pa.1959). See also, Firman, The Request for Admissions in Federal Court Procedure, 71 Yale L.J. 371, 409 (1962), and especially the cases collected in footnote 163. On the other hand, if the term "satisfaction" is intended to be considered not in terms of an admission of law, but merely as an admission that satisfaction of judgments entered in the Maryland interpleader action were, in fact, obtained by plaintiffs, the qualifying phrase in the request—"in said action"—limits the admission to what actually transpired in the Maryland proceeding. Again, there is no indication that the Maryland interpleader action encompassed the same issues of injury and liability stemming from the alleged second collision which are the subject matter of the present suit.

The final issue facing this Court involves the possible collateral estoppel effect the Maryland interpleader action would have among the present parties, in the case at hand. Interpleader actions involving unliquidated tort claims,

as in the prior Maryland interpleader action, are a recent phenomenon. See, Pan American Fire & Casualty Co. v. Revere, 188 F.Supp. 474 (E.D.La.1960); Commercial Union Ins. Co. of New York v. Adams, 231 F.Supp. 860 (S.D.Ind. 1964). But see, American Indemnity Co. v. Hale, 71 F.Supp. 529 (W.D.Mo.1947); National Casualty Co. v. Insurance Co. of North America, 230 F.Supp. 617 (N.D.Ohio 1964); Underwriters at Lloyd's v. Nichols, 250 F.Supp. 837 (E.D.Ark.1966).

The question whether cross-claims may be asserted among the various interpleaded defendant-claimants in a statutory interpleader action has produced many thorny and perplexing problems as to the scope of jurisdiction in the so-called "second stage" of the action when the adverse claimants fight among themselves to assert their claims to the interpleaded fund. Some writers have advanced quite plausible arguments for the allowance of cross-claims when the issues and facts litigated, in determining the rights of the interpleaded claimants to the fund, involve common questions of fact with the cross-claims the claimants wish to assert against each other. See, Chaffee, Broadening the Second Stage of Federal Interpleader, 56 Harv. L.Rev. 929 (1943); Developments in the Law—Multiparty Litigation, 71 Harv.L.Rev. 977 (1958). Conceivably the present parties could have avoided piecemeal litigation of the facts of the chain collision by raising their cross-claims in the Maryland interpleader action, if jurisdiction had been demonstrated. The critical factor is the jurisdictional scope of the Maryland interpleader action. The present defendant, Louise G. Doering, a Pennsylvania resident, had expressly waived her right to participate in the distribution of the Maryland fund. In Hallin v. C. A. Pearson, Inc., 34 F.R.D. 499, 501–502 (N.D. Calif.1963), decisional authority is summarized as follows:

"It has been held that one defendant-claimant in such an interpleader action may not assert an in personam cross-claim against another defendant-claimant, who is a non-resident of the state in which the action is brought and thus not otherwise subject to process, where the non-resident defendant, although served, did not appear in the action to assert any claim to the interpleader fund. [citing cases]."

This Court considers the proposition advanced by the *Hallin* case persuasive in the present case. Since Louise G. Doering did not appear in the Maryland action to assert any claim to the fund interpleaded by Globe, that court lacked jurisdiction to entertain any cross-claim which might have been advanced by the present plaintiffs. Had the defendant, Louise G. Doering, entered an appearance in the Maryland interpleader action, that court, at that time, would have had to face the complex question of whether it had jurisdiction over any cross-claim. Her failure to appear avoided the issue. Lacking jurisdiction, the Maryland interpleader action cannot raise a collateral estoppel bar to the present proceeding in this Court.

For the above reasons, the defendant's motion for summary judgment must be denied.