MARINE BANK & TRUST COMPANY,
a Florida corporation, Plaintiff,

v.

HAMILTON BROS., INC., a Florida
corporation

and

Edmund G. Peterson, Defendants.

No. 72–265 Civ.T.

United States District Court,
M. D. Florida,
Tampa Division.

July 31, 1972.

Allen, Dell, Frank & Trinkle, Tampa, Fla., for plaintiff.

Antinori, Cazin, Cohen & Thury, Tampa, Fla., for Hamilton Bros.

Corcoran & Henson, Tampa, Fla., for Peterson.

OPINION AND ORDER

KRENTZMAN, District Judge.

This came before the Court upon defendant Peterson's motion to dismiss a cross-claim by defendant Hamilton Brothers, Inc. (Hamilton). Both parties are defendants in an interpleader action brought by plaintiff Marine Bank and Trust Company, pursuant to 28 U.S.C. §§ 1335, 1397 and 2361. At stake is $15,000 deposited by Peterson in plaintiff's bank to be withdrawn by Hamilton upon satisfactory completion of a transaction involving a boat, the M/V Don Emilio. The boat transaction ran aground and both parties claim their rights to the $15,000. Defendant Peterson is not a resident of the Middle District of Florida, but was served with process under the procedures set for nationwide service of process in § 2361. Hamilton has filed a cross-claim against Peterson for $50,000 damages allegedly

arising out of Peterson's negligence in connection with the boat. At issue is the extent to which *in personam* cross-claims should be allowed in statutory interpleader actions. By "especially" answering the complaint in interpleader, has Peterson subjected himself to the jurisdiction of the Court regarding cross-claims filed under Rule 13(g) of the Federal Rules of Civil Procedure?

■ The Federal Interpleader Statutes were enacted to provide a liberal remedy for the adjudication of claims to property or money deposited in federal courts. Diversity requirements were loosened, and the judicial amount was lowered to $500. In addition, process under the statutes reaches throughout the nation. 28 U.S.C. § 2361. Rule 22 of the Federal Rules of Civil Procedure also provide a method for settling adverse claims to money or property held by disinterested third parties. Under the Rule, however, the requirements for diversity, judicial amount, and personal service are the same as for other federal civil matters. See 3 Moore, Federal Practice § 22.04(2).

In the instant case, statutory interpleader was utilized to bring the non-resident defendant Peterson into Court to assert his claim to the $15,000 deposited in plaintiff's bank. Peterson has made his appearance by answering the complaint in interpleader. He opposes, however, the cross-claim of Hamilton on the basis that this Court has no jurisdiction over his person, but rather only over the $15,000 at issue in the interpleader action. Indeed, Hamilton has been unsuccessful in the past in gaining jurisdiction over Peterson in this Court. In Hamilton Brothers, Inc. v. Peterson, 445 F.2d 1334 (5 Cir. 1971), the Court of Appeals held that Hamilton could not gain jurisdiction over Peterson through Florida's long arm statute.

The question of cross-claims in statutory interpleader actions has only rarely been presented to the federal courts. In Hagan v. Central Avenue Dairy, Inc., 180 F.2d 502 (9 Cir. 1950), the court stated that statutory interpleader was not meant to enlarge the jurisdiction of federal district courts over non-residents. Section 2361 only enlarged the service of process regarding interpleaded money or property. In that case, however, the non-resident did not appear to defend his claim to the money at issue. There should be no doubt that § 2361 can not be used to gain *in personam* jurisdiction over a non-resident who fails to make an appearance in court. In a concurring opinion, it was noted that no determination was made as to the effect of an appearance by defendant, which was not at issue in that case. *Id.* at 505.

■ In the instant case, Peterson has appeared in Court to defend his claim, albeit a special appearance. Under Rule 12(b) of the Federal Rules of Civil Procedure, there is no longer any necessity for appearing specially to protest the court's jurisdiction. All objections to jurisdiction and process may be set up in a motion or answer without waiving any of them. Harrison v. Prather, 404 F.2d 267 (5 Cir. 1968). The dichotomy between special and general appearances is no longer of the importance it once held.

■ Many cases hold that defendants subject themselves to in personam jurisdiction in interpleader actions by appearing to assert their claims. See, e. g., Bank of Neosho v. Colcord, 8 F.R.D. 621 (W.D.Mo.1949). Such decisions, however, have dealt with Rule 22 interpleader, which has no nationwide personal service. Such cases are therefor inapposite to the present issue. Where Congress has expanded the powers of district courts to serve process on non-residents, the courts should not lightly force such persons to accept *in personam* jurisdiction regarding cross-claims.

Hallin v. C. A. Pearson, Inc., 34 F.R. D. 499 (N.D.Cal.1963), involved a cross-

claim against a non-resident in a statutory interpleader action. The court held that appearance *vel non* of the defendant should not be the determining factor in regard to the allowance of *in personam* cross-claims. That court stated:

> "To hold absolutely that appearance of a named claimant of itself precludes such objection [to the cross-claim] would tend to frustrate one of the main purposes of the Federal Interpleader Act, which is to facilitate and encourage the assertion of claims of all those possessing an interest in the fund deposited in Court." *Id.* at 503.

What is needed is, as the *Hallin* court put it, "a cautious application of Rule 13(g) in the light of the unique service of process feature of The Federal Interpleader Act." *Id.* at 503.

██ The cross-claim in the instant case involves a $50,000 claim for damages arising out of the defunct boat transaction. It is certainly a policy under the Rules to encourage the complete litigation in one case of all related issues between parties. In this case, however, this policy runs counter to the Congressional purpose of encouraging adverse claimants to money or property to come into court and have their rights determined. To encourage defendant Peterson to come into this district in order to assert his claims to the interpleaded $15,000, and then to require him to defend a $50,000 damage suit would be incongruous. Statutory interpleader and § 2361 should not be so used as a tool to expand the jurisdictional drawing power of this Court over non-residents. Such an approach would do little toward urging non-residents to assert their claims in foreign courts. The cross-claim will accordingly be dismissed, and the only issues for resolution in this cause concern the opposing claims to the $15,000 deposited into Court.