**FIRST TENNESSEE NATIONAL BANK, CHATTANOOGA, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Defendants.**

**No. CIV–1–76–112.**

United States District Court, E. D. Tennessee, S. D.

Sept. 8, 1976.

**36**

Brian C. Smith, Thomas, Leitner, Mann, Warner & Owens, Chattanooga, Tenn., for plaintiff.

Raymond R. Murphy, Jr., Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, Tenn., for FDIC.

Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for Kyle Weems, Trustee.

Swift, Currie, McGhee & Heirs, Atlanta, Ga., for Kyle Weems, Trustee.

Edward T. M. Garland, Atlanta, Ga., for Morgan, Adams & Singleton.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an interpleader action commenced by First Tennessee National Bank, Chattanooga pursuant to Federal Rule Civil Procedure 22 and 28 U.S.C. § 1335. The defendants are the Federal Deposit Insurance Corporation, a government corporation, Kyle Weems, Trustee in Bankruptcy of Hamilton Mortgage Company, Inc. (hereinafter referred to as Trustee), and three individuals, Donald Morgan, James Adams, and William Singleton, who are all residents of Atlanta, Georgia.

First Tennessee succeeded to certain assets of Hamilton National Bank of Chattanooga by virtue of a Purchase and Assumption Agreement of February 16, 1976, among which were certain certificates of deposit which constitute the disputed fund in this action. The certificates were being held by Hamilton National for the individual defendants, who have made demand on First Tennessee for delivery of the certificates. F.D.I.C. and the Trustee have notified First Tennessee that they also claim an interest in the certificates. First Tennessee, having no knowledge of who is rightfully entitled to the certificates and being a mere stakeholder, brought this action in interpleader and tendered the certificates into the registry of the court.

All the defendants have, in their answers to the bill of interpleader, claimed the certificates of deposit. Both the Trustee and the individual defendants state that the certificates were being held as security for a real estate loan made by Hamilton Mortgage Company, Inc. to the individual defendants. The individuals allege that Hamilton Mortgage never satisfied certain conditions precedent to an effective security interest in the certificates and has breached its loan agreement by failing to disburse funds to them and that they are therefore entitled to the certificates. The Trustee alleges that the individual defendants have defaulted on the loan agreement by failing to pay certain real estate taxes and that the entire loan has become due and payable by

reason of such default. The Trustee claims that he is therefore entitled to the certificates and in addition has filed a cross-claim pursuant to F.R.C.P. 13(g) against the individual defendants for the balance of the loan. The case is presently before the Court upon motions by the individual defendants to dismiss the cross-claim for lack of jurisdiction over the person, improper venue, and insufficiency of process. The motions are supported by briefs and opposed by brief of the Trustee.

In order for an interpleader action to be brought under F.R.C.P. 22 there must be complete diversity of the parties. In this case both the plaintiff, First Tennessee, and the defendant Trustee are residents of Tennessee. Therefore this action can only be maintained under 28 U.S.C. § 1335 which only requires that two or more claimants be of diverse citizenship. For actions brought pursuant to § 1335, nationwide service of process is authorized by 28 U.S.C. § 2361 and therein lies the problem in this case.

The individual defendants contend that since service of process was had upon them in Atlanta pursuant to § 2361 (Atlanta being outside the normal territorial limits of jurisdiction of this Court), they are subject to the jurisdiction of this Court only insofar as necessary to decide the question of entitlement to the interpleaded certificates. They contend that since the Court could not have obtained *in personam* jurisdiction over them without § 2361, which can be used only for § 1335 actions, that the Court lacks jurisdiction to hear the cross-claim. The Trustee, on the other hand, contends that since F.R.C.P. 22(1) states that actions under § 1335 are to be conducted in accordance with the Federal Rules of Civil Procedure, then F.R.C.P. 13(g) is fully applicable. Rule 13(g) allows a cross-claim to be brought as long as it arises out of the transaction or occurrence that is the subject matter of the original action. He contends that the issues which will decide the cross-claim are exactly the same as those necessary to decide entitlement to the certificates.

The question of whether a defendant may be subjected to *in personam* liability on a cross-claim when he is before the Court by way of extra-territorial service of process under § 2361 is as yet unsettled. *See* 17 A.L.R.2d 741. The question brings two judicial policies into conflict, that of not enlarging jurisdiction beyond the extent which Congress has authorized and that of hearing all related claims in one action in order to further judicial efficiency and economy. Cases which have allowed such a cross-claim include *Coastal Air Lines, Inc. v. Dockery,* 180 F.2d 874 (8th Cir. 1950); *Jefferson Standard Insurance Co. v. Craven,* 365 F.Supp. 861 (M.D.Pa.1973); *Fidelity and Casualty Company of New York v. Wilson,* 105 F.Supp. 454 (E.D.S.C.1952) and *Bank of Neosho v. Colcord,* 8 F.R.D. 621 (W.D.Mo.1949). Cross-claims were not allowed in *Hagan v. Central Avenue Dairy,* 180 F.2d 502 (9th Cir. 1950); *Great Lakes Auto Insurance Group of Chicago v. Shepherd,* 95 F.Supp. 1 (W.D.Ark.1951); *Stitzel-Weller Distillery v. Norman,* 39 F.Supp. 182 (W.D.Ky.1941) and *Marine Bank & Trust Co. v. Hamilton Brothers, Inc.,* 55 F.R.D. 505 (M.D.Fla.1972). Neither the Supreme Court nor the Sixth Circuit Court of Appeals have ruled on the question.

The issue might be decided by classifying an interpleader action as either one *in personam* or one *in rem*. If *in personam* then service under § 2361 would give the Court jurisdiction over the person of the defendants and the cross-claim would lie. If *in rem* then the Court would have jurisdiction only to the extent of the funds which are the subject of the interpleader action and the cross-claim could not be heard. Here, too, however, the question is unsettled. While there is broad language implying that interpleader is an action *in personam* in *New York Life Insurance Co. v. Dunlevy,* 241 U.S. 518, 60 L.Ed. 1140, 36 S.Ct. 613 (1916), the effect of the holding has been diminished by later Supreme Court decisions taking a due process approach to jurisdiction and service of process and blurring the distinctions between actions *in personam* and actions *in rem*. *See, Mullane v. Central Hanover Bank & Trust Co.,* 339

U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) and *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This unclarity is noticeable in the lower courts' decisions where interpleader has been held to an action *in personam, Cordner v. Metropolitan Life Insurance Co.,* 234 F.Supp. 765 (S.D.N.Y.1964), an action *in rem, United States v. Estate of Swan,* 441 F.2d 1082 (5th Cir. 1971), and an action *in personam* only as to the disposition of the funds deposited into court. *Knoll v. Downey Mobil Oil Co.,* 369 F.2d 425 (10th Cir. 1966). For other cases taking all of these positions, *see* 17 A.L.R.Fed. 447. It would thus appear as a noted commentator has stated that:

". . . insofar as modern notions of jurisdiction require only that due process be satisfied to enable an action to proceed, the characterization of interpleader as in personam or in rem has little validity." Wright and Miller, Federal Practice and Procedure § 1711, p. 421.

Several learned authors have suggested using a flexible approach to solve the conflict involved here. In Wright and Miller, Federal Practice and Procedure § 1715, it is concluded that a cross-claim should be allowed if it complies with F.R.C.P. 13(g) and the Court exercises great care to protect the defendant from harassment and surprise. It is said at p. 451 that:

The desire to protect a nonresident claimant from hardship or surprise when he has been brought to a distant forum under the interpleader statute is understandable. However, an inflexible rule prohibiting the assertion of cross-claims in actions under the act ignores the desirability of adjudicating these claims in conjunction with the interpleader in a single action when they are closely related to the original dispute over the stake. Indeed, this is precisely the type of situation that has motivated the federal courts to develop the doctrines of ancillary and pendent jurisdiction—the need for a mechanism to achieve the efficiency of adjudicating similar claims in one action without running afoul of subject matter jurisdiction limitations. There is no rea-

son why this philosophy should not be applied to closely related cross-claims in actions under the interpleader statute. Certainly nothing in the statute itself prohibits employing what in effect is a notion of ancillary personal jurisdiction.

The same conclusion is reached in 3A Moore's Federal Practice § 22.15, p. 3132, where it is stated:

A far more serious problem is created when a nonresident claimant is brought within the forum state only by the nationwide reach of federal process and is met there with a cross-claim for personal liability. The potential unfairness of requiring the nonresident, not otherwise subject to service of process in that state, to litigate such a cross-claim is manifest—especially when the cross-claim is for relief greatly in excess of the stake or when the issues are but tangentially related to those in the interpleader action. The courts have not been insensitive to this problem. . . .

\* \* \* \* \* \*

Some courts have, however, unqualifiedly concluded that extra-territorial service upon a nonresident claimant can render him subject to the power of the court only to the extent of the interpleader fund and no more, with no apparent exception for the case in which the cross-claim issues are directly related to those in the interpleader action or the case in which the nonresident claimant has in fact appeared in the action. This conclusion is unfortunate and without sound basis in principle. There is no defect of federal judicial power under the Constitution generally to adjudicate claims against persons served outside the state in which the court sits; the only material question in a particular case is the extent to which Congress has given the courts the authority to exercise that power. A federal court adjudicating an interpleader action within the statute is authorized, by nationwide service of process, to bring the claimants before the court for the purpose of determining conclusively their claims emerging from a common transac-

tion. The interpleader statute is silent as to the effective limits of the court's power so to determine these claims. If that statute is to be enforced in accordance with the letter and spirit of the Federal Rules, as Rule 22(2) says it must, then the purpose of both the statute and the Rules could be furthered by permitting the federal court to adjudicate cross-claims which are intimately related to the subject matter of the interpleader dispute and which will not unfairly surprise or unduly prejudice the cross-defendant. This should be so even though he is a nonresident who could not otherwise have been forced to adjudicate this claim in the forum state. . . .

Professor Chafee in *"Broadening the Second Stage of Federal Interpleader"*, 56 Harv.L.Rev. 929 likewise states at p. 938 that

". . . the judge who is hearing the interpleader should balance the convenience of a single trial against whatever hardship this will really cause the outside claimant, and then cautiously admit the independent controversy in a few cases where the speedy administration of justice will be clearly promoted without serious injury to the objecting nonresident."

This suggested approach was used in *Hallin v. C. A. Pearson, Inc.,* 34 F.R.D. 499 (N.D. Cal.1963) where at p. 503 it was held:

". . . that allowance of an in personam cross-claim by one claimant against another should rest . . . upon a cautious application of Rule 13(g) in the light of the unique service of process feature of The Federal Interpleader Act."

The Court adopts this sensible approach to the problem. The Court, applying the Sixth Circuit's holding in *Losa Per L'industria Del Mormo Societa Per Azioni of Losa, Italy v. Alexander,* 414 F.2d 143 (1969) that the Federal Rules of Civil Procedure relating to cross-claims are to be liberally construed, finds that this claim arose out of the same transaction that is the subject matter of the original action and is a proper cross-claim pursuant to Rule 13(g). There being no hardship or surprise to the individual

defendants the Court will in the interest of judicial efficiency and economy exercise its ancillary jurisdiction over their persons and hear the cross-claim of the Trustee.

An order will enter accordingly.