**UNITED STATES of America, Plaintiff,**

v.

**BLOCK 44, LOTS 3, 6, Plus the West 80 Feet of Lots 2 and 5, etc., et al., Defendants.**

No. 96–617–Civ–J–99(S)C.

United States District Court,
M.D. Florida,
Jacksonville Division.

Jan. 16, 1997.

Bonnie A. Glober, Asst. U.S. Atty., Jacksonville, FL, for Plaintiff.

Robert S. Yerkes, Jacksonville, FL, for Defendants.

### ORDER

CORRIGAN, United States Magistrate Judge.

This condemnation case is before the Court on the Motion to Allow Defendant to Amend its Response to Plaintiff's First Request for Admissions and Deny Request For Admission Number 7 (Doc. # 29) (the "Motion"), filed by defendant the Windsor Corporation ("defendant") on November 14, 1996. Plaintiff's Response to the Motion (Doc. # 31) was filed on November 26, 1996. The Court held a telephonic hearing on the Motion on January 3, 1997 at 11:00 a.m.

The Motion seeks to allow defendant to file an amended response to Plaintiff's First Request for Admissions. On September 26, 1996 plaintiff served on defendant Requests for Admissions, including Request No. 7 which reads as follows:

> In the trial of just compensation in this case, the burden is on the defendant landowner to establish, by a 'preponderance of the evidence,' that the fair market value, on the date of taking, of the estate or interest in the property which has been taken by the government, is as much as it alleges.

Defendant admitted this Request, and served its response to this and the remaining Requests for Admissions on November 1, 1996. These responses were late by two days. F.R.C.P. 36; Local Rule 4.20(a)(2). Nevertheless, defendant seeks to amend its response to Request No. 7 to a denial on the ground that the request seeks admission of a matter of law which is not within the purview of F.R.C.P. 36. Plaintiff admits Request No. 7 states a legal conclusion, but asserts defendant waived any right to object. Plaintiff conceded at the hearing there would be no prejudice if the amended response was allowed.

Although the response by defendant was late and the request was specifically admitted, Request No. 7 seeks admission of a legal conclusion as to the burden of proof in this condemnation action. A request for admission of a conclusion of law is improper. *In re*

*Olympia Holding Corp.,* 189 B.R. 846, 853 (Bkrtcy.M.D.Fla.1995); *Reliance Insurance Co. v. Marathon LeTourneau Co.,* 152 F.R.D. 524, 525 (S.D.W.Va.1994); *Rivers Electric Co. v. 4.6 Acres of Land,* 1991 WL 255374 (N.D.N.Y.1991); *Mahaney v. Doering,* 260 F.Supp. 1006, 1008 (E.D.Pa.1966). The burden of proof in this case is a substantial legal issue in dispute and deserves full consideration by the Court after proper briefing. Moreover, this case is still relatively early in the discovery process and plaintiff has admitted there will be no prejudice if the amended response is allowed. The Court concludes the presentation of the merits of this case will be subserved by permitting the proposed amended response, and plaintiff has failed to satisfy the Court that the amendment will prejudice plaintiff in maintaining the action or defense on the merits. F.R.C.P. 36(b); *American Auto. Association v. AAA Legal Clinic,* 930 F.2d 1117, 1119 (5th Cir.1991). Therefore, it is hereby

**ORDERED:**

The Motion to Allow Defendant to Amend its Response to Plaintiff's First Request for Admissions and Deny Request for Admission Number 7 (Doc. # 29), filed November 14, 1996 is **GRANTED.** So that the record will be clear, the Clerk of the Court is instructed to file the Amended Response of Defendant, the Windsor Corporation, to Plaintiff's First Request for Admissions which is attached as Exhibit "A" to the Motion (Doc. # 29).