**DOW CORNING CORPORATION,**
**Plaintiff,**

v.

**Fred SCHPAK and Joseph L. Breger,**
**Defendants.**

**No. 74 C 299.**

United States District Court,
N. D. Illinois, E. D.

Sept. 13, 1974.

Merriam, Marshall, Shapiro & Klose, Chicago, Ill., for Dow Corning Corp.

J. Stirling Mortimer, Mortimer & Hoffman, Chicago, Ill., for Fred Schpak.

Mitchell S. Rieger, Aaron J. Kramer, and Joan Steinman, Schiff, Hardin & Waite, Chicago, Ill., for Joseph L. Breger.

### MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

In this lawsuit Dow Corning seeks a judicial determination of the legality and enforceability of certain agreements. This Court is said to have jurisdiction over Dow's claims under the statutes providing for diversity jurisdiction. One of the defendants in the case, namely Joseph L. Breger, has filed a cross-claim against the second defendant, Fred Schpak. Defendant Schpak now has a

motion pending before this Court to dismiss Breger's cross-claim, as well as a pending motion for summary judgment and/or to dismiss as against the plaintiff.

In his motion to dismiss the cross-claim, defendant Schpak contends that the lack of diversity between himself and Breger mandates a dismissal of Breger's cross-claim against him. Schpak also contends that this Court lacks jurisdiction over Breger's cross-claim under the principles of pendent jurisdiction.

■ Rule 13(g) of the Federal Rules of Civil Procedure states the following:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."

In the present case, I find Breger's claim against Schpak to be a cross-claim under Rule 13(g). The subject matter of Dow's original action in this Court is a pair of agreements, one dated April 21, 1972 which involved defendant Breger's sale of stock in Mueller Welt Contact Lenses, Inc. to the plaintiff Dow Corning and the other dated April 28, 1972 which involved defendants Breger and Schpak and the Mueller Welt corporation. Breger's claim against Schpak involves, in large part, an alleged breach by Schpak of this same April 28th agreement. Breger's claim also involves other actions by Schpak which are closely related to Dow's takeover of Mueller Welt, and involves the degree of responsibility—if any—of Schpak to Dow Corning pursuant to agreements between Schpak, Mueller Welt, and the former president of Mueller Welt.

■ Having found Breger's claim to lie under Rule 13(g), there is no need for an independent jurisdictional basis to exist in order that this Court decide

the merits of Breger's allegations. The cross-claim in this case may properly be heard as ancillary to the main claim of Dow Corning. Thus, there is no need for diversity between Schpak and Breger in order for Breger's cross-claim to be heard. See Coastal Air Lines v. Dockery, 180 F.2d 874 (8th Cir. 1950); City of Boston v. Boston Edison Co., 260 F.2d 872 (1st Cir. 1958); Glens Falls Indemnity Co. v. U. S., 229 F.2d 370 (9th Cir. 1956); Chicago, Rock Island and Pacific Railroad Co. v. Chicago, Burlington and Quincy Railroad Co., 55 F.R.D. 209 (N.D.Ill.1972).

Defendant Schpak's motion to dismiss defendant Breger's cross-claim is denied.

It is so ordered.