Michael J. McDONALD et al., Plaintiffs,

v.

Harold OLIVER et al., Defendants.

F. Ray MARSHALL, Secretary of Labor, U. S. Department of Labor, Plaintiff,

v.

LOCAL UNION 795 et al., Defendants-Appellees,

International Longshoremen's Association, AFL–CIO, Defendant-Appellant.

No. 79–1075.

United States Court of Appeals, Fifth Circuit.

April 10, 1981.

Charles T. Sykes, Jr., Gulfport, Miss., Herzl S. Eisenstadt, Thomas W. Gleason, New York City, for defendant-appellant.

Alben N. Hopkins, Gulfport, Miss., for defendants-appellees.

Before GODBOLD, Chief Judge, SIMPSON and THOMAS A. CLARK, Circuit Judges.

SIMPSON, Circuit Judge:

This appeal grows out of protracted litigation begun in November, 1973. The un-

derlying facts were delineated fully by the district court in *McDonald v. Oliver*,[1] 400 F.Supp. 660 (S.D.Miss.1974) and by this court in *McDonald v. Oliver*, 525 F.2d 1217 (5th Cir. 1976), cert. denied, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1977). We limit our present discussion to the facts pertinent to this appeal.

Prior to the 1976 appeal, the appellant, International Longshoreman's Association (International) posted a $25,000.00 supersedeas bond secured through the Western Casualty & Surety Company (Surety). The appellee, Local Union 795 did not sign this bond and was not a party to it. On August 25, 1976, Michael J. McDonald filed a motion for judgment on the bond which was sustained by the district court. At a hearing on September 27, 1976, counsel for the International raised no objection to the amount of judgment and did not suggest that it be paid into court. Surety paid McDonald on October 15, 1976, and the International fully reimbursed Surety by check on November 4, 1976. Surety acknowledged reimbursement and assigned to the International "all rights, title and interest to receive or seek indemnification and/or contribution on account of the Surety having paid $25,000.00 to Plaintiffs and attorney...." Record, Exhibit 7 at 132.

By letter dated December 16, 1976 the International made demand on the Local for reimbursement of its share of the money spent by the Surety and reimbursement by the International. Through counsel, the Local refused payment.

Based on the above assignment, the International on June 15, 1977 filed a motion for judgment against the Local for the amount expended on the bond. The motion was never called up. On July 15, 1977, Local moved to dismiss the motion, which was then withdrawn. On March 22, 1978, the International petitioned the district court "to exercise its ancillary and continuing jurisdiction" to apportion liability and to award reimbursement from its co-defendant, Local, for its part of the judgment. Record at 41. The district court, on November 20, 1978, entered an order denying the International's petition for amounts expended pursuant to supersedeas bond and its "petition for the exercise of continuing and ancillary jurisdiction" in the original matter. From this denial, the International appeals. We affirm.

The issue on appeal is whether the district court had ancillary jurisdiction to grant the relief sought by the appellant International to apportion the judgment.

The district court's order denied "the petition for the exercise of continuing and ancillary jurisdiction" without stating reasons. We examine the record to determine if the denial of jurisdiction was proper.

The district court was presented with what was denominated simply as "a petition". No motion under the Federal Rules of Civil Procedure was made. The International did not frame its petition to the district court in terms of either Civil Rule 60(b)[2] or Civil Rule 13(g)[3] but in terms of a

---

1. The trial court's 1974 order in pertinent part:
   (1) declared certain individual complainants to be the duly elected officers of Defendant Local 795 for the period October 6, 1973 through October 5, 1975;
   (2) discontinued the trusteeship by the ILA over Local 795;
   (3) enjoined defendants from declaring Complainant Michael McDonald to be ineligible for local office and from 'further violating the provisions of Title III of the Labor Management Reporting and Disclosure Act of 1959, as amended (29 USC § 461 et seq.)';
   (4) directed that '(t)he President's salary for the aforesaid Michael McDonald ... shall be paid by Local 795 beginning on October 6, 1973 ...', but provided that said

judgment against Local 795 for McDonald's back salary' ... should be reduced by his income from the Harrison County Board of Supervisors during the same period of time';
(5) adjudged that Complainants were 'entitled to the full sum of Ten Thousand ($10,000.00) Dollars as attorneys' fees ... and the sum of One Thousand Two Hundred Seven ($1,207.07) Dollars and Seven Cents as expenses, these sums to be awarded jointly and severally against the ILA, Field, Oliver and the Local and to include court courts'.

2. (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.

"petition for the exercise of continuing and ancillary jurisdiction." We perceive no other legal doctrines or rules of civil procedure even arguably empowering a district court to hear three years after entry of the order and sixteen months after the judgment's satisfaction a petition or motion to apportion the judgment and conclude that the district court should have treated the proceeding either as a Rule 60(b) motion or a Rule 13(g) cross-claim. *See generally Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980).

Our review then, focuses on two lines of analysis: (1) Whether any section of Rule 60(b) reaches the fact situation present? In addition, if Rule 60(b) applies, did the appellant satisfy the threshold requirements for relief under Rule 60(b); and would the granting of the petition in this case effectuate any policy more significant than that of preserving the finality of judgments? *See Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978). (2) If Rule 60(b) is not applicable, can the petition be treated as a cross-claim under Rule 13(g)? Moreover, if Rule 13(g) does apply, did the district court have jurisdiction it was compelled to use in this situation?

First, which section if any of Rule 60(b) is most appropriate to the instant fact situation? Clearly, none of the subsections (1) through (4) of Rule 60(b) applies to this set of facts because this case does not involve excusable neglect, newly discovered evidence, fraud or a void judgment. Furthermore, the first and second parts of Rule 60(b)(5) do not determine this case because the fact that the judgment is satisfied does not change this controversy, and no prior judgment has been revised or vacated. *See* 11 Wright & Miller, Federal Practice and Procedure: Civil § 2863, at 202–04 (1973) [hereinafter Wright & Miller]. Although it is conceivable that the "petition for the exercise of continuing and ancillary jurisdiction" could be considered a motion under the third part of Rule 60(b)(5) asking the court to state that it is no longer equitable for the International to be jointly and severally liable but that the liability should be apportioned, such an interpretation is incorrect because a judgment for money damages, which was awarded and is under review in this case, offers a present remedy for a past wrong as contrasted with any judgment that has an on-going or prospective effect such as an injunction. Since the third part of Rule 60(b)(5) applies only to prospective judgments, it is not appropriate to the instant case. *See Wright & Miller* at 204–11. Finally, Rule 60(b)(6) does not apply because although worded quite broadly,

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**3.** (g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Rule 60(b)(6) is generally reserved for situations showing compelling or aggravated circumstances involving extreme hardship and injustice which do not appear in this case. *See Transit Cas. v. Security Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971). Because the "petition for the exercise of continuing and ancillary jurisdiction does not fit under any part of Rule 60(b), no relief for appellant is available under it. An analysis of the threshold and policy considerations under Rule 60(b) is hence unnecessary.

Second, since Rule 60(b) does not apply, can this "petition for the exercise of continuing and ancillary jurisdiction" be treated as a cross-claim under Rule 13(g)? According to *6 Wright & Miller* § 1431 at 160–61:

> Rule 13(g) permits the assertion of cross-claims, which may consist of any claim made by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein, or that relates to any property that is the subject matter of the original action.

The rule states two prerequisites for a cross-claim: (1) that it be a claim by one party against a co-party and (2) that the claim arise out of the same transaction or occurrence as the original action or a counterclaim. If we postulate that "the petition for the exercise of continuing and ancillary jurisdiction" is a cross-claim, both of these criteria are met. In essence, this petition between co-parties asks the court to apportion the judgment or for contribution. Certainly, suits to apportion the judgment or for contribution arise out of the same set of facts as the original action. *See Federman v. Empire Fire and Marine Ins. Co.*, 597 F.2d 798, 811 (2d Cir. 1979).

Moreover, the jurisdiction to hear a cross-claim under Rule 13(g) has generally been held to fall within the ancillary jurisdiction[4] of the court and need not present independent grounds of federal jurisdiction.

*6 Wright & Miller* at 177. *See Childress v. Cook*, 245 F.2d 798, 802–05 (5th Cir. 1957). Therefore, considering the "petition for the exercise of continuing and ancillary jurisdiction" as a cross-claim makes sense from a jurisdictional standpoint as well as from a definitional one. In sum, counsel sought by what he called a "petition for the exercise of continuing and ancillary jurisdiction" to bring a suit for contribution by cross-claim, which has been considered to be properly within the ancillary jurisdiction of the federal courts inasmuch as it arose out of the same transaction as the subject matter of the original complaint. *Federman v. Empire and Marine Ins. Co., supra*, 597 F.2d at 811.

We conclude nonetheless that the district court properly denied jurisdiction. The lawsuit was dismissed after the hearing on September 27, 1976, and the judgment was satisfied when the plaintiffs were paid by the surety on October 15, 1976. Hence when the district court received the "petition for the exercise of continuing and ancillary jurisdiction", the underlying claim had been satisfied. The lawsuit had reached an end. When the underlying lawsuit was dismissed the underlying jurisdictional basis for this "petition for the exercise of continuing and ancillary jurisdiction" or cross-claim was eliminated. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Federman v. Empire and Marine Ins. Co., supra*, 597 F.2d at 811. Whether the underlying suit is dismissed by settlement or by judicial determination, makes no difference in the rule. *See Federman v. Empire Fire and Marine Ins. Co., supra*, 597 F.2d at 811. Therefore, although the district court had ancillary jurisdiction to hear a cross-claim, it lost its ancillary jurisdiction when the underlying lawsuit was dismissed. The district court correctly denied the "petition for the exercise of continuing and ancillary jurisdiction".

---

**4.** It has been stated that the doctrine of ancillary jurisdiction is the child of necessity and the sire of confusion. Fraser, *Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts*, 33 F.R.D. 27 (1964) (citing, Note, 11 Okla.L.Rev. 326, 329 (1958).) After considerable research and study, we agree.

Having determined that jurisdiction in the district court no longer existed, we deem it unnecessary to discuss whether exercise of jurisdiction, if present, was discretionary or compelled. The judgment appealed from is

AFFIRMED.