CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff,

v.

R.L. BURNS CORP., William A. Brandt, Cross-Claim Plaintiffs,

and

Central National Bank in Chicago, Cross-Claim Defendant.

No. 78 C 3674.

United States District Court, N.D. Illinois, E.D.

June 24, 1982.

On Motion to Reconsider Nov. 18, 1982.

---

5. *See* note 4 *supra.*

Anne C. O'Laughlin, Chicago, Ill., for plaintiff.

Robert Watson and George A. Platz, Sidley & Austin, George W. Hamman, Hamman, Benn & Miller, Chicago, Ill., for cross-claim defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Continental Illinois National Bank and Trust Company of Chicago ("Continental") initiated this lawsuit by filing a statutory interpleader action against defendants R.L. Burns Corp. ("Burns"), William A. Brandt ("Brandt") and Central National Bank in Chicago ("CNB") to resolve conflicting claims to an escrow fund in excess of $200,000 held by Continental. Continental asserted jurisdiction pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335, as two or more of the claimants were of diverse citizenship and the amount in controversy exceeded $500.[1]

Ancillary to the interpleader action filed by Continental, Brandt filed a two-count cross-claim against CNB. Count I was a claim for breach of duty to act in a commercially reasonable manner in connection with a Settlement Agreement pursuant to which CNB was empowered to seek a buyer for certain stock owned by Brandt and use part of the proceeds of the sale to satisfy a prior obligation Brandt owed to CNB.

---

1. Defendants Brandt and CNB are citizens of Illinois and defendant Burns is a citizen of both Delaware and California.

Count II asserted a claim against the escrow fund deposited with Continental which was created out of the proceeds of the sale of the stock to Burns. That count, however, was dismissed as the result of a full settlement of all the claims to the fund earlier in this litigation.

This matter is now before the Court on CNB's motion to dismiss Count I of Brandt's cross-claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of its motion, CNB contends that this Court lacks subject matter jurisdiction over the cross-claim under either the Federal Interpleader Act, 28 U.S.C. § 1335, or as a cross-claim brought under Rule 13(g) of the Federal Rules of Civil Procedure. CNB argues that § 1335 is limited to resolving conflicting claims to the interpleader fund that was the subject of the main action and that since the conflicting claims to the fund have been resolved, this Court has no jurisdiction over Count I under § 1335. CNB also contends that Count I of the Brandt cross-claim is not proper under Rule 13(g) because Count I does not arise from the same transaction or occurrence that was the subject of the main interpleader action. Even if the Court has the power to hear the cross-claim under Rule 13(g), however, CNB argues that the Court should not exercise its power, but rather should remand the case to the state court for determination on the merits.

The standard to be used in deciding whether a court has subject matter jurisdiction over a cross-claim in a statutory interpleader action is clear. Subject matter jurisdiction under § 1335 is limited to the resolution of conflicting claims to the fund in controversy. *Northern Natural Gas Co.*

*v. Grounds,* 441 F.2d 704 (10th Cir.1971), *cert. denied,* 404 U.S. 1063, 92 S.Ct. 732, 30 L.Ed.2d 751 (1972). *See also State Farm Fire and Casualty Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967); *Allstate Insurance Co. v. McNeill,* 382 F.2d 84 (4th Cir.1967), *cert. denied,* 392 U.S. 931, 88 S.Ct. 2290, 20 L.Ed.2d 1390 (1968). In the case at bar, Brandt's claim to the fund has been resolved and Count II of the cross-claim has been dismissed. Count I of the cross-claim for breach of duty is not a claim on the fund as such and is thus outside the scope of jurisdiction under the Federal Interpleader Act.

Although some courts have taken a narrow view of Rule 13(g) cross-claims in statutory interpleader actions, *see e.g., Hallin v. C.A. Pearson, Inc.,* 34 F.R.D. 499 (N.D.Colo.1963),[2] we think the better approach in these late stages of the instant litigation is to view Count I of the cross-claim broadly as arising out of the same transaction or occurrence as was involved in the original interpleader action. *Cf.* Wright & Miller, *Federal Practice and Procedure* § 1431 at 161 (1971) (courts generally have construed subdivision (g) liberally in order to settle as many related claims as possible in a single action). In the instant case, both the interpleader action and the cross-claim arose from CNB's sale of certain stocks owned by Brandt in order to satisfy his indebtedness to the bank. Brandt's cross-claim based on CNB's duty to act in a commercially reasonable manner in selling the stock is logically related to the claim against the interpleader fund created by the sale of the stock. The stock was sold in accordance with the Settlement Agreement, which by its terms allegedly defined the

---

**2.** Defendant relies heavily on *Hallin* which is distinguishable from the instant case. *Hallin* involved a non-resident party's objection to a cross-claim filed against it by another defendant in a statutory interpleader action. The Court took a narrow view of the transaction or occurrence that was involved in the main action in light of the nationwide service of process feature of § 1335. In the instant case the defendant, an Illinois resident, was amenable to service of process under the local service stat-

ute and was not haled into court in reliance upon the unique service of process feature of § 1335.

Defendant also relies on *Beaufort Transfer Co. v. Fischer Trucking Co.,* 357 F.Supp. 662 (E.D. Mo.1973). The Court in *Beaufort* found that it lacked jurisdiction under § 1335. As to Rule 13(g), the Court seemingly declined to exercise its discretionary power over a cross-claim which it apparently would have had the power to hear. 357 F.Supp. at 671.

duty which CNB owed to Brandt in selling the stock. Although the Settlement Agreement and the stock sale were separate in time, they were both designed to achieve the same end; to dispose of the stock and satisfy Brandt's obligations to CNB. We conclude that Brandt's cross-claim and the interpleader action both arose from the same transaction or occurrence within the meaning of Rule 13(g), and that the cross-claim is within the ancillary jurisdiction of this Court.

Moreover, this is a case in which the exercise of ancillary jurisdiction is appropriate. Brandt's cross-claim has been in the federal courts for four years. During this time the cross-claim has been subject to repeated interpretation by this Court and the Court of Appeals for the Seventh Circuit.[3] It is surely in the interest of fairness to the litigants that this Court retain jurisdiction of the cross-claim. Although the Court might very well have declined to exercise jurisdiction over the cross-claim if the issue had been raised earlier in this litigation, it would be unfair to refuse to do so at this late date after the expenditure of considerable judicial time and resources.

Accordingly, CNB's motion to dismiss the cross-claim for lack of subject matter jurisdiction is denied. The parties shall complete discovery and file their pretrial order in accordance with this Court's previous order. It is so ordered.

## ON MOTION TO RECONSIDER

This matter is presently before the Court on cross-claim defendant Central National Bank's ("CNB") motion to reconsider this Court's Memorandum Opinion and Order of June 24, 1982. In that opinion, we held that the Federal Interpleader Act, 28 U.S.C.

§ 1335, does not provide subject matter jurisdiction over Count I of cross-claim plaintiff William A. Brandt's ("Brandt") cross-claim for breach of duty, but that the cross-claim was within the ancillary jurisdiction of this Court.

■ We did not hold, however, that Federal Rule of Civil Procedure 13(g)[1] confers jurisdiction over the cross-claim independent of a statutory grant of jurisdiction. Jurisdiction to hear a cross-claim under Rule 13(g) falls within the ancillary jurisdiction of a court; the cross-claim itself need not present independent grounds of federal jurisdiction. *McDonald v. Oliver,* 642 F.2d 169, 172 (5th Cir.1981); *Dow Corning Corp. v. Schpak,* 65 F.R.D. 71, 72 (N.D. Ill.1974). Continental Illinois National Bank and Trust Co. initiated this lawsuit by filing a statutory interpleader action against CNB, Brandt and R.L. Burns Corp. Jurisdiction was asserted pursuant to 28 U.S.C. § 1335, for two or more adverse claimants were of diverse citizenship and the amount in controversy exceeded $500. Our opinion of June 24, 1982, held that Count I of the cross-claim arose out of the same transaction or occurrence as was involved in the original interpleader action. That original action was properly brought pursuant to 28 U.S.C. § 1335. Thus, under Rule 13(g), the cross-claim is within the ancillary jurisdiction of this Court and should not be dismissed. "[A]ncillary jurisdiction will sustain jurisdiction over a cross-claim pled as part of an interpleader suit *if* the requirements of Federal Rule of Civil Procedure 13(g) are met." *Cherokee Insurance Co. v. Koenenn,* 536 F.2d 585, 588 (5th Cir.1976). The fact that Count II of Brandt's cross-claim, as well as all other claims to the escrow fund which was the

---

**3.** Indeed, it could be argued that the court of appeals implicitly recognized that subject matter jurisdiction was proper by reversing this Court's grant of summary judgment on Count I and remanding the case to this Court for further proceedings consistent with its opinion.

**1.** Federal Rule of Civil Procedure 13(g) provides that:

A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.

basis for this litigation, have been fully settled, does not require a different result.[2]

Therefore, for the above-stated reasons, CNB's motion for reconsideration is denied. It is so ordered.

---

**2.** At least one court has held that while dismissal of a plaintiff's claim for lack of subject matter jurisdiction will cause any cross-claims dependent upon ancillary jurisdiction to be dismissed, once a cross-claim has been permitted under Fed.R.Civ.P. 13(g), the subsequent dismissal of a complaint for nonjurisdictional reasons does not require dismissal of cross-claims. *Fairview Park Excavating Co. v. Al Monzo Construction Co.,* 560 F.2d 1122, 1125 (3d Cir. 1977).