**GREAT WESTERN CITIES, INC., Plaintiff,**

v.

**Richard J. CURTIS, Sr., Holly Wendell as Executrix of the Estate of Robert S. Wendell, Martin Clare, Antelope Valley Realty Corporation, and Stein, Davidoff, Malito, Katz & Hutcher, a Partnership, Defendants.**

**No. 83 Civ. 6131.**

United States District Court,
S.D. New York.

July 2, 1984.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff; Edward A. Purcell, Jr., New York City, of counsel.

Dennis C. Larsen, Norwood, N.J., for defendants Richard J. Curtis, Sr. and Holly Wendell.

Hodes & Horowitz, Floral Park, N.Y., for defendants Martin Clare and Antelope Valley Realty Corp., Mark M. Horowitz, Floral Park, N.Y., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

This is a motion for summary judgment by interpleader defendants Richard J. Curtis, Sr. ("Curtis"), and Holly Wendell ("Wendell"), as executrix of the estate of Robert S. Wendell, declaring that they are entitled to $8,371.71—the balance of a $20,000 fund deposited in this Court by plaintiff Great Western Cities, Inc.[1] Curtis and Wendell also seek money judgments in excess of the balance now on deposit. Wendell, a Pennsylvania domiciliary, seeks recovery against interpleader defendants Martin Clare ("Clare"), a New York domiciliary, and Antelope Valley Realty Corpo-

1. By consent of the parties, $11,628.29 from the original fund was ordered paid to attorneys on

February 7, 1984.

ration ("Antelope Valley"), a New Jersey corporation controlled by Clare. Curtis moves for judgment against only Antelope Valley.

Curtis and Wendell base their motion on two default judgments entered in the Superior Court of New Jersey, Bergen County, in 1977 ("the New Jersey judgments"). The first, in the amount of $10,190.04, exclusive of interest and costs, was entered in favor of Robert S. Wendell against Clare and Antelope Valley [2] on January 5, 1977. The second, totalling $34,424.23, exclusive of interest and costs, was entered in favor of Curtis against Antelope Valley on June 10, 1977.

The New Jersey judgments were not appealed from and no fewer than three motions to vacate them have been denied by the courts of New Jersey. Most recently, on March 29, 1984, the Superior Court of New Jersey, Appellate Division, affirmed the decision of the New Jersey Superior Court denying the latest motion to vacate.[3] No appeal has been taken from this decision and the time for appeal has expired.

Pursuant to 28 U.S.C. § 1738 (1982), this Court is obligated to give to the judicial proceedings of New Jersey courts "the same full faith and credit ... as they would have by law or usage" in New Jersey.[4] There is no question that the New Jersey judgments are conclusive and, absent constitutional defect, would be enforced in the New Jersey courts.[5]

Clare and Antelope Valley claim that a constitutional infirmity renders the New Jersey judgments unenforceable; specifically, they claim that notice of the original New Jersey action was so deficient as to amount to a violation of their rights to due process of law.[6] They rely on the rule that a party's previously unlitigated claim that it was denied due process by the entry of default judgments is open to collateral review, notwithstanding the provisions of 28 U.S.C. § 1738.[7]

In this case, however, the sufficiency of service of process accorded Clare and Antelope Valley in connection with the entry of the New Jersey judgments was litigated in a declaratory proceeding before Judge Thomas Dalton of the New Jersey Superior Court in May 1979. Clare's affidavit states that the motion for a declaratory order made by Curtis and Robert S. Wendell[8] had been originally returnable on May 4, 1979, but was adjourned to May 31, 1979.[9] Clare asserts he retained an attorney in connection with the declaratory proceeding and that the attorney did not appear on the rescheduled return date because he was " 'out of the country.' "[10] Nothing in the record permits an inference that the notice for the hearing on the declaratory proceeding was improper.[11] Clare, in fact, did

2. The Wendell judgment is divided as follows: $6,745.04 against Antelope Valley; and $3,445.00 against Clare and Antelope Valley. Curtis & Wendell Ex. 1.

3. *Curtis v. Antelope Valley Realty Corp.,* Nos. A–3138, A–3141 (N.J.App.Div. Mar. 29, 1984).

4. *See generally Migra v. Warren City School Dist. Bd. of Educ.,* — U.S. —, 104 S.Ct. 892, 896 & n. 4, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Constr. Co.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982).

5. *See Scaglione v. St. Paul-Mercury Indem. Co.,* 28 N.J. 88, 145 A.2d 297 (1958); *see also Migra v. Warren City School Dist. Bd. of Educ.,* — U.S. —, 104 S.Ct. 892, 899, 79 L.Ed.2d 56 (1984) (under § 1738, law of preclusion of state from which the judgment originates applies).

6. *See Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Burtnieks v. City of New York,* 716 F.2d 982, 986 (2d Cir.1983).

7. *See Kremer v. Chemical Constr. Co.,* 456 U.S. 461, 481–82 & n. 23, 102 S.Ct. 1883, 1897–98 & n. 23 (1982).

8. Although Clare's affidavit states that Clare's own lawyer "moved for an order declaring that proper service had been made in the New Jersey actions," Clare Aff. at 5, it is apparent that Clare's denomination of the moving party is a typographical error. *See* Curtis & Wendell Ex. 11 & 12.

9. Clare Aff. at 5.

10. *Id.*

11. *See Cerbone v. County of Westchester,* 508 F.Supp. 780, 785–86 (S.D.N.Y.1981) (rejecting "unsupported and conclusory allegations" of a

appear at the hearing although he asserts he did so only to request a further adjournment. This request evidently was denied.

 Upon the conclusion of the hearing, Judge Dalton entered orders declaring that in connection with the entry of the New Jersey judgments Clare and Antelope Valley "have been accorded all rights required by and consistent with due process of law."[12] These orders were never appealed from or successfully attacked collaterally. Because nothing in the record indicates that either Clare or Antelope Valley were denied a full and fair opportunity to litigate the question of due process in the declaratory proceeding, there can be no dispute over the preclusive effect of Judge Dalton's orders: his finding that Clare and Antelope Valley were accorded due process of law is binding on this Court.[13] Because the New Jersey judgments must be found, by virtue of collateral estoppel, to be free of constitutional defect, they must be enforced.

This conclusion is given added force by the recent decision of the New Jersey Appellate Division, affirming still another order which denied motions by Clare and Antelope Valley to vacate the New Jersey judgments for lack of jurisdiction. In its unpublished opinion, the panel made specific reference to Clare's and Antelope Valley's assertions that "service of process" in connection with the claims upon which the default judgments were entered "was defective" and that the court entering the defaults lacked "jurisdiction of the parties."[14] The Appellate Division found these arguments to be "clearly without merit."[15] Although it was open to the Appellate Division to affirm the decision below on the procedural ground that the motion to vacate was not brought "within a reasonable time,"[16] it does not appear that the ruling was so confined, since, by its summary affirmance, the Appellate Division warranted that "all issues of law raised [were] clearly without merit."[17] Thus Clare and Antelope Valley were afforded not one, but two full opportunities to litigate the due process issue. They prevailed on neither occasion. Accordingly, summary judgment shall be entered declaring Wendell and Curtis to be entitled to the $8,371.71, the balance of the interpleader fund.[18]

 The motion of the New Jersey judgment creditors for summary judgment for amounts in excess of the contested portion of the fund, however, is denied. Wendell's

---

lack of a full and fair opportunity to litigate "particularly since the burden of showing that one has been denied a full and fair opportunity rests with the litigant opposing application of collateral estoppel"). Although the Court does not rest its judgment on them, documents relied upon by Curtis and Wendell in connection with an earlier motion for summary judgment that was denied without prejudice during the pendency of the recent appeal in the Appellate Division indicate that Clare and Antelope Valley received more than 30-days' notice of the hearing on the Curtis and Wendell motions for declaratory orders. *See* Curtis & Wendell Notice of Motion, Jan. 11, 1984, Ex. 3.

12. Curtis & Wendell Ex. 11 & 12.

13. *See Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident Health Ins. Guar. Ass'n,* 455 U.S. 691, 706, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558 (1982) (quoting *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963); *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 375, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940).

14. *Curtis v. Antelope Valley Realty Corp.,* Nos. A–3138, A–3141, slip op. at 3 (N.J.App.Div. Mar. 29, 1984), Curtis & Wendell Ex. 7 at 3.

15. *Id.*

16. N.J.Civ.Prac.Rule 4:50–2 (1984).

17. N.J.Rule App.Prac. 2:11–3(e)(1) (1984). Indeed, it is not without interest to note that prior to the determination by the Appellate Division, counsel for Clare and Antelope Valley stated before this Court that "if the judgments are upheld [by the Appellate Division] there will be no defense to [Curtis and Wendell's] claims." Tr. 8, *Great Western Cities, Inc. v. Curtis,* 83 Civ. 6111 (S.D.N.Y. Feb. 14, 1984).

18. Judgment shall be entered in accordance with Curtis and Wendell's allegation that Clare "is not entitled to any of the … proceeds paid into this [C]ourt in this within interpleader action[,]" Curtis & Wendell Rule 3(g) Statement, which was not denied by the New Jersey judgment debtors, and, accordingly, must be deemed admitted. *See* Local Rule 3(g).

and Curtis's "cross-claims" for amounts in excess of those on deposit with the Court were never pleaded as such; the joint answer of Wendell and Curtis to the complaint simply alleges that, by virtue of the New Jersey judgments, Wendell and Curtis are entitled to the full amount on deposit with the Court. Even construing the New Jersey judgment creditors' papers on this motion as a request for leave to amend, the Court finds such a request untimely. Although it is long past the time by which this litigation should have been brought to a close, it is evident that, even if the "cross-claims" were properly pleaded, this Court would be without power to put the matter to rest. Judgment could not be entered against Antelope Valley on the "cross-claims," since nothing in the record indicates Antelope Valley is amenable to process in this District except pursuant to the nationwide service of process authorized by 28 U.S.C. § 2361 (1982).[19] Exercise of jurisdiction against Antelope Valley would thus constitute an abuse of the interpleader statute.[20] The Supreme Court has clearly stated that relief pursuant to interpleader under 28 U.S.C. § 1335 should not extend beyond "the needs of orderly contest with respect to the fund."[21] Granting Curtis's and Wendell's "cross-claims," notwithstanding the foregoing procedural defects in the motion for relief in excess of that afforded by the fund, would contradict this basic rule of interpleader jurisdiction.

Submit order.

**19.** Although Antelope Valley did avail itself of the process of this Court when it sought to collect funds allegedly owed by the stakeholder in this action, *see* Curtis & Wendell Ex. 5, it did not thereby render itself amenable to jurisdiction in this action pursuant to New York's long-arm statute. Under the New York statute, N.Y. Civ.Prac.Law § 302(a) (McKinney's Supp.1983–84), "transact[ing] ... business within the state," *id.* § 302(a)(1), gives rise to in personam jurisdiction only in connection with "a cause of action arising from ... the acts," *id.* § 302(a), that constitute the transaction of business. *See also Helicopteros Nacionales de Colombia, S.A. v. Hall,* — U.S. —, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984) (state may not reach foreign corporation in the absence of "continuous and systematic general business contacts").

**20.** This is especially so where, as here, the "cross-claim" against Antelope Valley, including interest and costs, is in excess of eight times the amount of the contested portion of the fund. *See First Tenn. Nat'l Bank v. FDIC,* 421 F.Supp. 35, 38–39 (E.D.Tenn.1976); 3A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 22.15, at 22–153 (2d ed. 1984); *cf. Continental Ill. Nat'l Bank & Trust Co. v. R.L. Burns Corp.,* 552 F.Supp. 113, 115 n. 2 (N.D.Ill.1982) (party in interpleader action against whom cross-claim was asserted found amenable to process by "local service statute and was not haled into court in reliance upon the unique service of process feature of § 1335").

**21.** *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 534, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967).