813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BROOKS RUN COAL COMPANY, a Delaware Corporation; Gene T.
Waggy, James R. Waggy, individually and as Trustees; Bonnie
Waggy; Joan Waggy; William Waggy; Charlotte Waggy;
Elizabeth Geraldine Waggy, Appellees,
v.
John WAGGY, Jr.; Richard Waggy; Connie Waggy; Barbara
Wikoff; and Sandra Lopinsky, Appellants,
and
Jennie M. Waggy; Jane Waggy Murray; John J. Murray, Jr.;
William C. Murray; Fred Waggy; Elva Waggy; and
Jessie Waggy Perrine, Defendants.
 No. 86-1514.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1986.
Decided Aug. 29, 1986.
 
 Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Jack Alsop, Talbott & Alsop, L.C., on brief, for appellant.
 David J. Romano, James N. Riley, Law Offices of David J. Romano; William B. Maxwell, III, Spilman, Thomas, Battle & Klostermeyer, on brief, for appellees.
 PER CURIAM:
 
 
 1
 This appeal arises from an interpleader action brought under 28 U.S.C. Sec. 1335 (1982) and Fed.R.Civ.P. 22 by the plaintiff-stakeholder, Brooks Run Coal Company, to determine title to three separate tracts of land located in Webster, Nicholas and Braxton counties, West Virginia. Brooks Run as lessee of the properties found itself subject to multiple claims for wheelage and royalty payments due under the lease. Brooks Run as plaintiff-stakeholder thus filed this interpleader action in federal court. The district court issued a preliminary injunction restraining the claimants[1] and the adverse claimants[2] from further litigating or filing any actions relating to the subject property. The adverse claimants cross-claimed against the claimaints, and counterclaimed against Brooks Run, asking the court to quiet title to the real estate in question.
 
 
 2
 The district court entered summary judgment in claimants' favor regarding all three properties. The adverse claimants appealed this decision, assigning numerous errors to the court's findings of fact and conclusions of law. The adverse claimants argued also that the district court lacked subject matter jurisdiction under either rule or statutory interpleader. This Court in Brooks Run Coal Co. v. Waggy, No. 83-1957(L) (4th Cir., April 9, 1985) (unpublished) found no error in the district court's disposition. As to the jurisdictional question, this Court stated "[b]ecause we are thoroughly convinced that the district court had diversity jurisdiction over the parties under 28 U.S.C. Sec. 1332 (1982), we decline to determine whether the district court properly exercised interpleader jurisdiction." Id., slip op. at 7-8 (footnote omitted).
 
 
 3
 In the appeal currently before the Court, the appellants, the adverse claimants below, challenge the entry of a permanent injunction enjoining any further action relating to the claims against the subject real estate. Again, they allege that the district court lacked subject matter jurisdiction under either statutory or rule interpleader, and that, consequently, the district court was without authority to issue a permanent injunction.
 
 
 4
 The appellees have moved for dismissal of the appeal, arguing that this Court should not allow the appellants to relitigate the jurisdictional issue. The doctrine of "the law of the case," the appellants contend, should bar this appeal.
 
 
 5
 The doctrine of the law of the case "stands for the proposition that an appellate decision on an issue must be followed ... unless the presentation of new evidence or an intervening change in the law dictates a different result, or the appellate decision is clearly erroneous and if implemented, would work a manifest injustice." Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir.1985), cert. denied, --- U.S. ---, 54 U.S.L.W. 3809 (June 9, 1986). This Court of course recognizes this principle. See e.g. Capital Investors v. Executors of Morrison's Estate, 584 F.2d 652 (4th Cir.1978), cert. denied, 440 U.S. 981 (1979). The law of the case principle applies only to issues "decided expressly or by necessary implication; it does not extend to issues the appellate court did not address." Piambino, supra at 1120. Furthermore, law of the case is a rule of practice and a matter for the discretion of the court--not a jurisdictional question. Piambino, supra at 1120; White v. Murtha, 377 F.2d 428, 431 (5th Cir.1967).
 
 
 6
 This Court did not decide specifically the issue whether the district court had interpleader jurisdiction, relying instead on our conclusion that subject matter jurisdiction could be found in regular diversity jurisdiction under 28 U.S.C. Sec. 1332. The appellants argue that the alleged lack of interpleader jurisdiction now prevents the issuance of a permanent injunction. In the interests of fairness, therefore, we deny the appellees' motion to dismiss on the law of the case rationale.
 
 
 7
 Turning to appellants' arguments attacking the district court's jurisdiction, we conclude that the district court correctly exercised its jurisdiction under 28 U.S.C. Sec. 1335. The appellants' arguments relying on Humble Oil & Refining Co. v. Copeland, 398 F.2d 364 (4th Cir.1968) are unpersuasive. The existence of jurisdiction is not affected by the nature of the underlying dispute, be it title to realty, stocks, or entitlement to insurance proceeds, provided the other requisites of subject matter jurisdiction are met. The record established minimal diversity, and a res valued in excess of $500 placed in the registry of the court. Additionally, the three parcels of real estate were within the territorial jurisdiction of the district court.
 
 
 8
 Likewise, the appellants' other argument lacks merit. The appellants argue that the possibility of a trespass action against Brooks Run had the appellants won the title dispute created an "independent liability," thus precluding interpleader jurisdiction. We agree with the district court that the concept of independent liability is no longer favored in interpleader jurisprudence. 7 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1706 (1972). Furthermore, the potential liability asserted by the appellants does not fit within the purported bar of "independent liability."
 
 
 9
 Focusing on the permanent injunction at issue in this case, we note three things. One, under 28 U.S.C. Sec. 2361, the district court is empowered "to hear and determine the case" before it, to discharge the stakeholder, to make permanent the injunction issued earlier, and to "make all appropriate orders to enforce its judgment." The case before the court below included both the interpleader action litigating rights to the fund as well as the appellants' proper ancillary cross-claim.[3] Section 2361 thus empowers the district court to enjoin proceedings in order to protect its final judgments.
 
 
 10
 Two, 28 U.S.C. Sec. 2283 enables district courts to enjoin state proceedings in order "to protect or effectuate its judgments." Thus, the district court has the authority to enjoin relitigation of issues barred by res judicata in federal court, provided the issues are fully litigated in federal court. Bluefield Community Hospital, Inc. v. Anziulewicz, 737 F.2d 405, 408 (4th Cir.1984). The record clearly establishes that the appellants fully litigated their claims to the real estate via a proper ancillary cross-claim, and that the district court entered judgment for the claimants. Thus, the final judgment for the claimants would be entitled to preclusive effect in federal court, and the district court acted well within the "relitigation" exception of 28 U.S.C. Sec. 2283 in barring relitigation of issues fully and fairly litigated in federal court.
 
 
 11
 We note finally that principles of equity and comity do not militate in the appellants' favor. The appellants instituted the cross-claim in order to quiet title to the real estate. Why now should this Court allow the appellants a second bite at the apple? Furthermore, comity is at heart a doctrine of reciprocity--state respect for federal judgments is as important to a cohesive judicial system as is respect for state judgments by federal institutions.
 
 
 12
 We hold, therefore, that the district court exercised proper statutory interpleader jurisdiction over the initial action, as well as proper ancillary jurisdiction over the cross-claim. We hold furthermore that the permanent injunction is valid and well within the district court's power under 28 U.S.C. Sec. 2361 and 28 U.S.C. Sec. 2283. The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be aided significantly by oral argument.
 
 
 13
 The appellees' motion to dismiss is DENIED.
 
 The judgment below is
 
 14
 AFFIRMED.
 
 
 
 [1]
 The claimants are Gene T. Waggy and James R. Waggy, as trustees for themselves and for Bonnie Waggy, Joan Waggy, William Waggy, Charlotte Waggy, Elizabeth Geraldine Waggy and Jennie M. Waggy
 
 
 [2]
 The adverse claimants are John Waggy, Jr., Richard Waggy, Connie Waggy, Barbara Wikoff, Sandra Lopinsky, Fred Waggy, Elva Waggy, Jessie Waggy Perrine, Jane Waggy Murray, John J. Murray, Jr., and William C. Murray
 
 
 [3]
 Jurisdiction can extend to ancillary cross-claims in interpleader, provided that Fed.R.Civ.P. 13(g) requirements are met. Travelers Insurance Co. v. First National Bank of Shreveport, 675 F.2d 633 (5th Cir.1982); Continental Illinois National Bank and Trust Co. v. Burns, 552 F.Supp. 113 (N.D.Ill.1982)