**INFINITY/U.S.A., INC., Plaintiff,**

v.

**SPROCOR, INC., Defendant.**

**No. 85 CV 3871.**

United States District Court,
E.D. New York.

March 12, 1987.

Paul S. Beeber, Hicksville, N.Y., for plaintiff.

Ralph Gordon, Ralph Gordon, P.C., Frederick, Md., for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion for summary judgment to dismiss plaintiff's complaint and to grant defendant's counterclaim. Fed.R.Civ.P. 56. For the reasons discussed below, the motion is granted.

## FACTS

Plaintiff, Infinity/U.S.A., Inc. ("Infinity"), a New York citizen, sues defendant, Sprocor, Inc. ("Sprocor"), a Maryland citizen, for breach of contract, and demands $34,753.35 in damages and attorney's fees. Infinity's complaint alleges that it contracted on or about May 21, 1984 to provide color separation services to Sprocor for the printing of Sprocor's Fall 1984 catalog. Infinity asserts that the agreement was modified on or about July 18, 1984.

In Paragraph 11 of the contract, the parties agreed that the contract would be governed and construed by New York law. Sprocor also agreed in Paragraph 11 that any suit arising out of the contract had to be brought in the federal or state courts of New York.[1]

On November 26, 1984, Sprocor, in violation of its agreement, filed a complaint in the Circuit Court for Queen Anne's County, Maryland, seeking to enjoin enforcement of the July 18, 1984 modification, and seeking damages for Infinity's breach of the May 21, 1984 contract. Personal service was allegedly made on Infinity in New York. On July 10, 1985, the Maryland court awarded Sprocor a default judgment, ordering the July 18 modification null and void,[2] enjoining Infinity from pursuing claims under the modified contract, and awarding Sprocor $29,339.00 in compensatory damages for Infinity's breach. Sprocor states, and Infinity does not contest, that Infinity did not appeal or move to re-open the case. Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ("Local Rule 3(g) Statement") ¶¶ 11, 14. Sprocor has submitted an exemplified copy of the judgment. *Id.* ex. VI.

On October 8, 1985, Infinity filed this action. Sprocor's answer denied Infinity's allegations and sought by counterclaim to enforce the Maryland judgment. Sprocor now moves for summary judgment to dismiss Infinity's complaint and to grant Sprocor's counterclaim for $29,339.00

Sprocor contends that this Court must give full faith and credit to the Maryland judgment. Infinity disagrees, stating that the Maryland court did not have personal jurisdiction over Infinity, that it failed to apply New York law, and that Sprocor procured the judgment by fraud because it failed to notify the Maryland court of Paragraph 11.

## DISCUSSION

The full faith and credit statute reads, in relevant part:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the

---

1. Paragraph 11 reads:

   Governing Law. This contract shall be governed by and shall be construed according to the laws of the State of New York. Purchaser agrees to bring any actions, claims or legal proceedings in any way pertaining to the goods supplied, or the execution, construction, interpretation or breach of its agreement with Infinity, in the courts or forum of Nassau County, New York, or in a Federal court of the U.S. physically situated in Nassau County, New York, and in no other court or tribunal whatsoever. Companies outside the Continental U.S. hereby appoint their Consulate General in New York or Washington, and Purchaser within the Continental U.S. hereby appoint Infinity's Attorney as their true and lawful attorney in fact and agent for such company and in each of such company's name, place and stead to accept service of any process within the State of New York, Infinity agreeing to notify such company at its last known address, by certified, registered or other similar type mail, within three days of such service having been effected.

2. The Maryland court referred to the modification as "the contract dated July 17, 1984." For purposes of this motion, the Court will accept the July 18 date specified in Infinity's complaint.

courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

■ By enacting the statute, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). A default judgment acts as *res judicata* in a subsequent claim unless the first court did not have subject matter or personal jurisdiction, or unless the judgment was procured through fraud or collusion. *See Morris v. Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 455–56, 91 L.Ed. 488 (1947) (quoting *Riehle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 313, 73 L.Ed. 669 (1929)).

## I. PREREQUISITES TO THE APPLICATION OF THE FULL FAITH AND CREDIT STATUTE

### A. Subject Matter Jurisdiction

Infinity does not contest that the Circuit Court for Queen Anne's County, Maryland had subject matter jurisdiction over the action.

### B. Personal Jurisdiction

To find that the Maryland court had personal jurisdiction over Infinity, this Court must be satisfied that both the Maryland statutory standard and the constitutional due process standard were met.

■ Maryland's long-arm statute, providing for the exercise of personal jurisdiction over nonresident defendants, reads, in relevant part:

(a) *Condition.*—If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.

(b) *In general.*—A court may exercise personal jurisdiction over a person, who directly or by an agent:

. . . .

(2) Contracts to supply goods, food, services, or manufactured products in the State; . . .

Md.Cts. & Jud.Proc.Ann. § 6–103 (1984). Here, the contractual terms place Infinity squarely within the statute's coverage because Infinity contracted to supply services to a company located in Maryland. That Infinity's conduct did not occur in Maryland does not defeat jurisdiction because subsection (b)(2) focuses on whether the nonresident defendant *contracted* to supply services in Maryland, not on whether the defendant *performed* those services in Maryland.

Subsection (b)(2) thus " 'authorizes jurisdiction over a defendant who has never been in the state.' " *Snyder v. Hampton Industries, Inc.,* 521 F.Supp. 130, 145 (D.Md.1981) (quoting Auerbach, *The "Long Arm" Comes to Maryland,* 26 Md.L.Rev. 13, 36 (1966)), *aff'd mem.,* 758 F.2d 649 (4th Cir.1985). Here, Infinity purposefully contracted to supply services to, and obtain profits from, a Maryland customer. I therefore find that subsection (b)(2) provided a basis for the Maryland court to exercise personal jurisdiction over Infinity.

■ Turning to the notice requirement, I note that Maryland law provides that "the defendant may be served with process where he is found, whether within or outside of the state." Md.Cts. & Jud.Proc. Ann. § 6–304 (1984). In its Statement of Undisputed Facts, made pursuant to Local R.Civ.P. 3(g), Sprocor states that service was made on Infinity at Infinity's New York headquarters. Local Rule 3(g) Statement ¶ 8. In addition, Sprocor has submitted an exemplified copy of service. *Id.* ex. III. Because Infinity did not submit a Statement of Disputed Facts, the fact of service is deemed admitted. *See* Local R.Civ.P. 3(g). Accordingly, I find that service was properly made.

■ Finally, I am satisfied that the Maryland court's exercise of personal jurisdiction was consistent with the due process clause of the Constitution. *See* U.S. Const. amend. XIV, § 1. In evaluating whether such an exercise is proper, the Supreme

Court has held that "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). In judging minimum contacts, the proper focus is on " 'the relationship among the defendant, the forum, and the litigation.' " *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977)).

Here, Infinity contracted to transact business with, and provide services for, a Maryland customer, with the hope of obtaining profits from the transaction. Because the litigation concerned that contract, there was more than a sufficient relationship between defendant, forum, and litigation to warrant a finding that minimum contacts existed.

▌ Infinity suggests that because of Sprocor's agreement in Paragraph 11 not to sue in a court located outside New York State, Infinity did not reasonably anticipate being haled into a Maryland court, *see World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). This argument must be rejected. It is true that the constitutionality of the exercise of personal jurisdiction necessarily involves determining what a defendant's anticipations were. *See id.* Reasonable anticipation, however, flows from the nature and extent of a defendant's activities directed at the forum state, *see id.,* not on expectations that might be inferred solely from a private contract.

Having found that minimum contacts exist, I also conclude that the Maryland court's exercise of personal jurisdiction over Infinity was not unreasonable. *See Burger King, supra,* 471 U.S. at 477–78, 105 S.Ct. at 2184–85. I therefore hold that

the Maryland court's exercise of such jurisdiction was constitutional.

#### C. Fraud or Collusion

▌ Infinity argues that Sprocor did not inform the Maryland court of Paragraph 11, and that as a result the court was not "fully informed" when it rendered its judgment. This assertion finds no support in the record. Sprocor's complaint, filed in the Maryland court, refers to Paragraph 11 three times. Local Rule 3(g) Statement ex. II. (Sprocor's Complaint filed Nov. 26, 1984, ¶¶ 16, 17(a), (c)). In addition, Sprocor provided the Maryland court with a copy of the contract, which, of course, included Paragraph 11. *Id.* ex. II (Sprocor's Complaint filed Nov. 26, 1984, ex. B). Thus, the court's attention had been drawn to Paragraph 11 several times prior to its entry of the default judgment. Infinity has failed to produce any evidence that would tend to dispute Sprocor's documented assertion that Paragraph 11 was brought to the attention of the Maryland Court. I therefore conclude that the Maryland judgment was procured without fraud or collusion.[3]

### II. APPLYING MARYLAND LAW

▌ Having found that the Maryland court had jurisdiction to render the judgment, this Court must give the judgment the same credit, validity, and effect that it has in the State of Maryland. *See Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Association,* 455 U.S. 691, 704–05, 102 S.Ct. 1357, 1365–66, 71 L.Ed.2d 558 (1982). Under Maryland law, *res judicata* is founded upon a "[p]ublic policy against repetitive identical litigation." *Pat Perusse Realty Co. v. Lingo,* 249 Md. 33, 45, 238 A.2d 100, 107 (1968). This policy extends to "default judgments wherein the issue could have been litigated." *Nationwide Mutual Insurance Co. v. Webb,* 44 Md.App. 547, 553, 409 A.2d 1127, 1130 (1980), *aff'd in part and vacated in part on other grounds,* 291 Md. 721, 436 A.2d

---

**3.** It may be worth noting that while Paragraph 11 of the contract might confer jurisdiction on a New York court, it would not, *ex vi termini,*

oust a Maryland court of jurisdiction. *See* Restatement (Second) Conflict of Laws § 80 (1971).

465 (1981). *Millison v. Ades of Lexington, Inc.*, 262 Md. 319, 277 A.2d 579 (1971) illustrates this principle. In *Millison*, plaintiff tenant sued its landlords for damages caused by the landlords' failure to repair the leased premises. The defendants did not answer, and a default judgment was entered against them. Following a damages inquest, defendants appealed, arguing that collection of damages should be barred because a clause in the lease placed the risk of property loss on the plaintiffs. *Id.* at 320–328, 277 A.2d at 582–84. The Court of Appeals of Maryland rejected this argument, holding that "[a] judgment by default, while it may require extension by way of proof of damages, ... is still final in respect of the question of liability of the party against whom it is obtained." *Id.* at 328, 277 A.2d at 584.

■ In this case, Infinity asks the Court to find Sprocor in breach of contract. Such a finding would directly contravene the Maryland judgment, which imposed liability on Infinity. Maryland would thus bar Infinity's claim. This Court, under the full faith and credit statute, is required to do the same.

Sprocor's motion for summary judgment to grant its counterclaim seeks to enforce the Maryland default judgment in this Court. Sprocor has submitted an exemplified copy of this judgment. Local Rule 3(g) Statement ex. VI. In addition, Sprocor states, and Infinity does not contest, that Infinity has failed to appeal or move to vacate the judgment, and that the time for appeal has expired. *Id.* ¶¶ 11, 14. I therefore conclude that the default judgment is valid, and that Sprocor has satisfied the proof requirements under the full faith and credit statute, *see* 28 U.S.C. § 1738. Accordingly, Sprocor's motion for summary judgment on its counterclaim will be granted. *See Great Western Cities, Inc. v. Curtis*, 588 F.Supp. 73, 74–75 (S.D.N.Y.1984); *Irvin L. Young Foundation, Inc. v. Damrell*, 607 F.Supp. 705, 711 (D.Me.1985).

For the foregoing reasons, Sprocor's motion for summary judgment to dismiss In-

finity's complaint and grant Sprocor's counterclaim is granted.

SO ORDERED.